Judgment of conviction of the County Court of Kings county affirmed.

---

GEORGE BAGDON, Respondent, *v.* PHILADELPHIA AND READING COAL AND IRON COMPANY, Appellant.

Second Department, June 8, 1917.

Court — jurisdiction — action by non-resident against foreign corporation — Code Civil Procedure, section 1780, construed — discretionary power of court to decline jurisdiction — pleading — demurrer — answer alleging that defendant will induce court to decline jurisdiction.

The amendment to section 1780 of the Code of Civil Procedure which permits a non-resident to sue a foreign corporation in the courts of this State, under certain conditions, did not take away the power of our courts to decline jurisdiction on the ground of *forum non conveniens,* or other reasons rendering a trial here inexpedient.

Hence, a demurrer should not be sustained to a defense set up by a foreign corporation sued by a non-resident which alleges non-residence, alienage and that the defendant is not an inhabitant of the State, and which gives notice that facts will be shown which should lead the court to decline jurisdiction.

MILLS and RICH, JJ., dissented.

APPEAL by the defendant, Philadelphia and Reading Coal and Iron Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 2d day of November, 1916, sustaining a demurrer to certain defenses contained in the answer.

*Pierre M. Brown* [*William F. Purdy* with him on the brief], for the appellant.

*Ralph G. Barclay,* for the respondent.

PUTNAM, J.:

This demurrer raises the important question of the power of a State court to decline jurisdiction on the ground of *forum non conveniens*, or other reason rendering a trial here inexpedient. There is the more cause for the exercise of this inherent power because of the jurisdiction of the Federal courts for such suits by non-residents against foreign corporations. (*Barrow Steamship Co.* v. *Kane*, 170 U. S. 100.) This complaint does not aver that plaintiff resides in this State. In fact the " presumption of continuance " would lead to the view that he still resides in Shenandoah, Penn.

While the amendment (Laws of 1913, chap. 60) of the Code of Civil Procedure, section 1780, conferred on our courts jurisdiction, the defendant may nevertheless show reasons why Pennsylvania is the natural forum, as the place where the cause of action arose. This power to decline jurisdiction (*Collard* v. *Beach,* 81 App. Div. 582; *Robinson* v. *Oceanic Steam Nav. Co.,* 112 N. Y. 315) has not been taken away by the 1913 amendment of section 1780. (*Waisikoski* v. *Philadelphia & Reading C. & I. Co.,* 173 App. Div. 538.) The 9th paragraph, demurred to, avers facts such as non-residence, alienage, and not an inhabitant here. Under the allegation of alienage, it might well be that plaintiff may be shown as an alien enemy. The answer gives notice that defendant will show facts that should lead this court to decline jurisdiction. Certainly such a notification informing plaintiff that such application will be presented to the discretion of the court, should be sustained on this demurrer. Being a question of fact, it cannot be certainly told, now, that this plea will be " insufficient in law."

Hence I advise that the interlocutory decree be reversed.

JENKS, P. J., and THOMAS, J., concurred; MILLS and RICH, JJ., dissented.

Interlocutory judgment reversed, and demurrer to the separate defense contained in paragraphs 4 and 7 of defendant's answer overruled, with ten dollars costs.