EMILO BUONANNO and FRANK YANNUZZI, Plaintiffs, *v.* SOUTHERN PACIFIC COMPANY, Defendant.

Supreme Court, New York Special Term, June, 1923.

**Practice — when court will entertain jurisdiction of cause of action arising without the state between non-resident parties — railroads.**

Plaintiffs, residents of New Jersey, seek to recover damages to two carloads of fruit shipped from California to Westfield, N. J., over defendant's railroad. The contract was made without the state of New York and the bill of lading provided for transportation in part over two railroads in the state of New York. Defendant is a foreign corporation with offices in the city of New York. Defendant moves to set aside service of process upon it. *Held,* that while it is the general rule that the courts of this state will refuse to entertain jurisdiction of a cause of action arising without the state where both parties are non-residents, yet as defendant was doing business in this state and part of the contract was performed in this state jurisdiction will not be refused and defendant's motion will be denied.

MOTION to set aside service of summons.

*John Winans,* for plaintiffs.

*Charles Franklin,* for defendant.

LYDON, J. This is a motion by defendant to set aside the service of process upon the ground that New York state is not the proper forum for a trial of the cause of action set forth in the complaint. The defendant claims it is a foreign corporation organized under the laws of the state of Kentucky and that its business in the state of New York is confined to steamship business. The plaintiffs seek to recover damages for negligence, wrongful acts and breach of duty on the part of the defendant in failing to transport without unnecessary delay and properly ice and reice and care for while in transit two carloads of fruit shipped from California to Westfield, N. J. The contracts in suit were made without the state of New York, and the bill of lading provided for transportation via lines of the following railroads, to wit, Southern Pacific, Union Pacific, Chicago and Northwestern, New York Central to Buffalo in the state of New York, and thence by the Lehigh Valley railroad to a junction point with the Central

Railroad of New Jersey, by which last-named railroad the shipment was delivered at its destination. It will be observed that part' of the transportation was over the lines of the New York Central and Lehigh Valley railroads through the state of New York.

It is true that it is the general attitude of the courts of this state to refuse to entertain jurisdiction of a cause of action where the entire transaction took place outside of the state and both plaintiff and defendant are non-residents, but in the instant case the defendant, a foreign corporation, is doing business in this state, and a part of the contract was performed in this state. The plaintiff is a resident of New Jersey and cannot bring an action in that state to recover the damages alleged to have been suffered as service of process could not be made upon the defendant in that jurisdiction. It would be unfair to the plaintiff to refuse jurisdiction for the reason the plaintiff resides within a few miles of the city of New York, and the defendant corporation has elaborate offices here with its records concerning these two carloads, and it would be a decided hardship to require the plaintiff to go to California to litigate this claim. For the foregoing reasons the motion is denied, with ten dollars costs.

Ordered accordingly.