Jᴀᴍᴇs D. MᴄCᴀᴜʟᴇʏ, Plaintiff, *v.* Gᴇᴏʀɢɪᴀ Rᴀɪʟʀᴏᴀᴅ Bᴀɴᴋ, Defendant.

Supreme Court, Queens Special Term, March, 1924.

**Jurisdiction — courts — action in tort or upon contract may be brought in courts of this state against foreign corporation by resident of state — General Corporation Law, §§ 46, 47 — assignment of cause of action for sole purpose of giving courts of this state jurisdiction valid.**

The courts of this state may not decline jurisdiction of an action brought by a *bona fide* resident of this state whether the action is in tort or upon contract.

The rule that a foreign corporation cannot maintain an action against another foreign corporation in the courts of this state upon a contract made without the state, can be circumvented by an assignment of the cause of action to a resident of this state, even though it be without consideration.

The Shawmut Bank in Boston, Mass., arranged with a firm doing business in Atlanta, Ga., for a large loan, to be secured by warehouse receipts and other collateral, but by some arrangement not appearing said bank employed the Bank of Charleston, at Charleston, S. C., to attend to the details in connection with the loan, and the Charleston bank in turn arranged with the defendant, a state bank of the state of Georgia, to attend to the details necessary in making the loan, in taking collateral therefor and in advancing moneys to the Atlanta firm, for which reimbursement was immediately made. The consideration for this service was the use of certain balances which the Charleston bank had with defendant, which in the beginning, but without knowledge of the personnel of the principals in the transaction with the Atlanta firm, assumed that the moneys were loaned by the Charleston bank. Soon after the arrangement between the Charleston bank and defendant the latter was notified that the transaction with the Atlanta firm was to be known and carried as the " Shawmut loan." *Held,* that although under the provisions of sections 46 and 47 of the General Corporation Law the Shawmut Bank could not maintain in the courts of New York an action against the Georgia bank upon the contract made between them, a *bona fide* resident of New York, under an assignment of the cause of action made for the sole purpose of giving the courts of New York jurisdiction, was entitled to maintain an action, sounding in tort, arising out of said contract so that defendant's property within this state might be attached, and a motion to dismiss the complaint will be denied.

Mᴏᴛɪᴏɴ to dismiss complaint.

*White & Case* (*Vermont Hatch,* of counsel), for plaintiff.

*Dawes, Abbott & Littlefield* (*Hamilton M. Dawes,* of counsel), appearing specially for defendant.

Cᴀʟʟᴀɢʜᴀɴ, J. The relation between the National Shawmut Bank and this defendant was that of principal and agent. The Shawmut Bank made an arrangement with Barrett & Co. by which the bank was to lend to Barrett & Co. a very large sum of money, to be secured by warehouse receipts and other collateral. Barrett

& Co. did business in Atlanta, Ga., and the Shawmut Bank in Boston, Mass. Through some arrangement which does not appear, the Shawmut Bank employed the Bank of Charleston, at Charleston, S. C., to attend to the details in connection with the lending of the money to Barrett & Co. The Bank of Charleston in turn arranged with this defendant to attend to the details necessary in making this loan, in taking collateral therefor and in advancing moneys to Barrett & Co., for which reimbursement was immediately made. The consideration for this service was apparently the use of certain bank balances which the Charleston Bank had with the defendant. This defendant did not, in the beginning, know the personnel of the principals in the transaction with Barrett & Co., but assumed that the moneys were loaned by the Bank of Charleston. But soon after the arrangement was made between that bank and this defendant, the defendant was notified that the transaction with Barrett & Co. was to be known and carried as the " Shawmut loan." It is fair to assume that this defendant knew of the National Shawmut Bank of Boston and knew that it was attending to the details of the loan for that bank. The affidavits and the correspondence are sufficient to establish that fact beyond reasonable question.

The action sounds in tort. It is charged that the defendant negligently failed to exercise due and reasonable care in investigating the facts and the circumstances surrounding the issuance of certain warehouse receipts, after notice that the receipts were being issued irregularly and that in fact no cotton was in the possession of the warehouse issuing the warehouse receipts. Although the defendant, through its officers, seriously denies its knowledge of any irregularity in the issuance of the warehouse receipts, or that it had any knowledge or that it was put upon notice that the warehouse company did not have the cotton against which the receipts were issued, yet the relations existing between that warehouse and another warehouse of which some of the officers of the defendant were also officers, leads one to the conclusion that the bank's officers must have had some knowledge of the irregularities of which the plaintiff now complains. It may be that the plaintiff cannot establish the allegations of the complaint upon the trial, but the affidavits upon which the warrant of attachment was issued were sufficient to justify its issuance, and the moving affidavits here do not materially change the situation presented by those affidavits. So that one is not justified, in advance of the trial, in determining, upon affidavits, what would amount practically to a decision of the whole case upon the merits.

The plaintiff resides in this state and is the assignee of the National Shawmut Bank. That bank was organized as a national

bank, with its place of business in Boston, Mass.   The defendant is a state bank of the state of Georgia, and has its place of business in Augusta, Ga.   The contract sued upon was not made or performed or to be performed in the state of New York.   The assignment to plaintiff was for the sole purpose of enabling him to bring suit.   It is merely a colorable assignment.   From these facts it is urged that the courts of this state have no jurisdiction of the action.   The question has recently been the subject of much discussion.   Editorial, N. Y. L. J. Sept. 17, 18, 1923.

Section 46 of the General Corporation Law provides that " An action against a foreign corporation may be maintained by a resident of the state or by a domestic corporation for any cause of action," and section 47 thereof provides, in part, as follows: " An action against a foreign corporation may be maintained by another foreign corporation or by a non-resident in one of the following cases only:

" 1. Where the action is brought to recover damages for the breach of a contract made within the state or relating to property situated within the state at the time of the making thereof.   *   *  · *

" 3. Where the cause of action arose within the state, except where the object of the action is to affect the title to real property situated without the state.

" 4. Where a foreign corporation is doing business within the state."

It will be seen, therefore, that under the provisions of these statutes, the National Shawmut Bank was not in a position to maintain this action in the state of New York.   But the plaintiff is a *bona fide* resident of the state, and although the assignment was made to him for the sole purpose of bringing an action, the proceeds of which will be turned over to his assignor, he is, nevertheless, entitled, as a resident of this state, to maintain the action and the courts cannot, as a matter of law or in the exercise of so-called discretion, deprive him of that right.   It may fairly be assumed, from the facts in this case, that the assignment was made for the sole purpose of giving the courts of this state jurisdiction of the action so that defendant's property might be attached within this state.   The Special Term in the first district has held that under circumstances here disclosed an assignee would not have a right to maintain a cause of action.   That view was sustained by the Appellate Division and the order appealed from affirmed without opinion (*Mullaney* v. *Kessler & Co., Inc.*, 205 App. Div. 887), while the opposite view was taken by another justice at Special Term, who held that although a non-resident plaintiff could not sue a foreign corporation not transacting business

in the state upon a cause of action arising without the state and not referring to property within the state, the Supreme Court, nevertheless, had jurisdiction if the cause of action had been assigned to a resident and suit was brought thereon and that view was affirmed by the Appellate Division. *Kuker* v. *Stockholms Enskilda Bank,* 200 App. Div. 859.

The situation here presented differs from the rule laid down in a line of cases where the right to maintain a suit brought by a non-resident plaintiff upon a cause of action arising in another jurisdiction was denied as a matter of so-called discretion in an action where the plaintiff came into the state for the sole purpose of bringing suit. *Bagdon* v. *Philadelphia & Reading C. & I. Co.,* 178 App. Div. 662; *Waisikoski* v. *Philadelphia & Reading C. & I. Co.,* 173 id. 538; affd., 228 N. Y. 581. In *McBride* v. *Farmers Bank of Salem, Ohio,* 26 N. Y. 450, the plaintiff, an assignee of a non-resident, was allowed to maintain an action in this state against a foreign corporation not doing business in this state to recover upon a contract made without the state, and there has never been any departure from that rule in this state. In *Gregonis* v. *Philadelphia & Reading C. & I. Co.,* 235 N. Y. 152, the rule seems to have been broadly laid down that the courts could not decline jurisdiction of an action brought by a *bona fide* resident of the state of New York, whether the action was to recover for a tort or upon a contract, so that the rule seems to be that although there is an impediment against a foreign corporation maintaining an action against another foreign corporation in the courts of this state, upon a contract made without the state, yet that rule can be circumvented by an assignment to a resident of this state, even though it be without consideration.

The motion is denied.

Ordered accordingly.