Ellen Jacobsen, as Administratrix of the Estate of A. R. Jacobsen, Deceased, Plaintiff, *v.* United States Shipping Board Emergency Fleet Corporation, Defendant.

Supreme Court, Kings County, August 11, 1926.

Corporations — action by non-resident against Federal corporation having office in New York — cause of action arose outside of State — action brought under Merchant Marine Act of 1920 — motion to dismiss complaint on ground that court had no jurisdiction of person of defendant — defendant is domestic corporation under General Corporation Law, § 47 — motion denied.

A motion to dismiss the complaint in an action by a non-resident brought under the Merchant Marine Act of 1920 to recover damages for injuries suffered in Manila, which motion is made on the ground that the court has no jurisdiction of the defendant, a Federal corporation having an office in this State, is denied, since under section 47 of the General Corporation Law the defendant is a domestic corporation for the purposes of the action, and since it had an office within this State the court acquired jurisdiction of it.

Motion by defendant for an order dismissing the complaint, on the ground that it appears upon its face that the court has not jurisdiction of the person of the defendant.

*William A. DeGroot,* U. S. Attorney [*Joseph M. Dreyer* of counsel], for the motion.

*Silas B. Axtell* [*Lucien V. Axtell* of counsel], for the plaintiff, opposed.

Cropsey, J. The action is by an administratrix to recover damages sustained by the death of the intestate through the

negligence of the defendant. The complaint alleges that the defendant is a foreign corporation, organized under the laws of the District of Columbia, having an office and place of business in the borough of Manhattan, city and State of New York; that the plaintiff was duly appointed administratrix in the city of Seattle, State of Washington. It does not allege that the plaintiff is a resident of this State, nor that the cause of action arose here. While the motion is addressed to the face of the complaint, defendant's affidavits submitted in support of the motion show that the plaintiff is a resident of the State of Washington, and the cause of action arose at Manila in the Philippine Islands. For the purpose of this motion we will treat the complaint as though it contained those facts. The question then is whether an action may be maintained by a non-resident upon a cause of action which did not arise within this State against a corporation organized under the laws of the District of Columbia and having an office and place of business in the borough of Manhattan, city of New York.

If there were no statutes relating to the matter, this court, by virtue of its general jurisdiction, would have jurisdiction of actions against foreign corporations, whether brought by residents or non-residents, provided jurisdiction could be obtained of defendants' persons. (*McCormick* v. *Pennsylvania Central R. R. Co.*, 49 N. Y. 303, 308, 309; *Robinson* v. *Oceanic Steam Navigation Co.*, 112 id. 315, 322.) Our statutes have enacted certain provisions relating to actions against foreign corporations. They were formerly in the Code of Civil Procedure, being found in section 1780. That provided that an action against a foreign corporation might be maintained by a resident or a domestic corporation for any cause of action. It also provided that an action against a foreign corporation might be maintained by another foreign corporation or by a non-resident only in one of the cases therein stated. The class of cases was enlarged by an amendment made in 1913 (Chap. 60), so that such an action may be maintained " where a foreign corporation is doing business within this state." When the Civil Practice Act was enacted this section was not carried into it. It was split into two sections and both of them were put into the General Corporation Law, being sections 46 and 47. Section 46 relates to actions by a resident or a domestic corporation; section 47 to actions by a foreign corporation or a non-resident. Under the statute as it existed prior to the amendment of 1913, referred to, the courts of this State had no jurisdiction of a cause of action for death brought by a foreign administrator against a foreign corporation, because it was not one of those mentioned in the Code of Civil Procedure, and the statute provided that only those causes

140 JACOBSEN *v.* U. S. SHIPPING BOARD EMERGENCY FLEET CORP.

Supreme Court, August, 1926. [Vol. 128

of action mentioned therein could be maintained against a foreign corporation by another foreign corporation or a non-resident. (*Robinson* v. *Oceanic Steam Navigation Co.*, 112 N. Y. 315; *Fairclough* v. *Southern Pacific Co.*, 171 App. Div. 496; affd., 219 N. Y. 657.) Since that amendment such an action might be maintained provided the court acquired jurisdiction of the person of the defendant, but it remained discretionary with the court whether to exercise its jurisdiction or to decline to do so. (*Waisikoski* v. *Philadelphia & Reading C. & I. Co.*, 173 App. Div. 538; 178 id. 932; affd., 228 N. Y. 581; *Bagdon* v. *Philadelphia & Reading C. & I. Co.*, 178 App. Div. 662; *Richter* v. *Chicago, R. I. & P. R. Co.*, 123 Misc. 234.) While this discretion exists in actions by non-residents or foreign corporations against foreign corporations it does not exist in actions brought by residents or domestic corporations against foreign corporations. In the latter case the right of action is positive and jurisdiction is compulsory, if properly obtained by the service of process. (*Gregonis* v. *P. & R. Coal & Iron Co.*, 235 N. Y. 152, 156; *Palmer* v. *Phœnix Mutual Life Insurance Co.*, 84 id. 63, 67; *McCauley* v. *Georgia Railroad Bank*, 239 id. 514; *Sudbury* v. *Ambi Verwaltung Kommanditgesselschaft*, 213 App. Div. 98.) If the allegation of the complaint here, that the defendant had an office and place of business in the city of New York, is the equivalent of alleging that it was doing business within this State then the complaint upon its face would seem to show that the court had jurisdiction of the defendant. This motion is not addressed to the court's discretion, and is not brought under the cases above referred to. The complaint does not assert that the action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act, nor refer to it. The complaint seems to be sufficient and the court appears to have jurisdiction of the person of the defendant. Apparently, however, both sides concede the action is brought under that act. Section 33 of it provides that jurisdiction of an action covered thereby " shall be under the court of the district in which the defendant employer resides or in which his principal office is located."* Defendant's contention is that the defendant is incorporated under the laws of the District of Columbia, and its principal office is located there, and furthermore that there is no allegation that it has any office in the county of Kings, which is the county in which the venue is laid. The Jones Act incorporates by reference the Railway Employers' Liability Act, which contains the provision that the

---

* See 41 U. S. Stat. at Large, 1007, chap. 250, § 33; Barnes Fed. Code Supp. § 7568.— [REP.

jurisdiction of the courts of the United States under that act should be concurrent with the courts of the several States and that no action arising under the act and brought in any State court of competent jurisdiction should be removed to any court of the United States.* Jurisdiction of the State court in such actions has been upheld by the United States Supreme Court. (*Engel* v. *Davenport*, 271 U. S. 33.) (See, also, *Panama Railroad Co.* v. *Vasquez*, 271 U. S. 557.) Where the action is in the Federal court the provision referring to the district in which it is brought should be observed. (*Caceres* v. *United States Shipping Board Emergency Fleet Corporation*, 299 Fed. 968.) When the action is brought in the State court, however, this provision cannot have literal effect because there is no " court of the district " in which the defendant resides or in which his office is located. There is a dictum by a Federal judge, however, to the effect that in such a case the statute must be read as though it said county instead of district. (*Wienbroer* v. *United States Shipping Board Emergency Fleet Corporation*, 299 Fed. 972, 973.) That construction seems not to be justified, but if it is, the bringing of the action·in the wrong county should not be a jurisdictional matter. The United States Supreme Court has held this provision only to prescribe the venue for actions brought under it and not to affect the general jurisdiction of the court. (*Panama R. R. Co.* v. *Johnson*, 264 U. S. 375, 383–385; *Engel* v. *Davenport, supra.*) Therefore, if it is applicable to the State courts it might afford the basis for a motion to change the place of trial, but it is no ground for dismissing the complaint.

It remains to be considered whether the defendant is a foreign corporation, and if not, whether that fact makes any difference.

When the provisions of section 1780 of the Code of Civil Procedure were transferred to the General Corporation Law there was then added to section 47 of the latter the following: " Within the meaning of this section, a foreign corporation shall not include a corporation located in this State and created by or under the laws of the United States."† There was no such provision in the section when it was in the Code of Civil Procedure. But at that time there was similar language in another provision of that Code. Section 3343, subdivision 18, defined a domestic corporation, among other things, as one located in the State and created under the laws of the United States. That section said that that definition was to apply in construing that act, namely, the Code of Civil Procedure. If section 1780 had been transplanted to the General

---

* See 36 U. S. Stat. at Large, 291, chap, 143, § 1; Barnes Fed. Code, § 8074.— [REP.

† See Laws of 1920, chap. 916.— [REP.

142 People ex rel. Erie Railroad Co. *v.* State Tax Comm.

Supreme Court, January, 1926. [Vol. 128

Corporation Law without adding the provision above quoted the defendant would be classed as a foreign corporation, because under section 3, subdivision 5, of the General Corporation Law a domestic corporation is defined to be one incorporated under the laws of the State of New York, and every other corporation is a foreign one " except as provided by the code of civil procedure for the purpose of construing such code." The addition was made to section 47 evidently for the purpose of not changing the definitions of domestic and foreign corporations under its provisions. The defendant was incorporated under the laws of the United States and if it is located in this State then it must be deemed a domestic corporation for the purpose of being sued by a foreign corporation or a non-resident. The allegations of the complaint may be somewhat lacking in order to show that defendant is located here (*Gould v. Texas & Pacific Railway Co.*, 176 App. Div. 818, 825), but as defendant does not raise this point it may be deemed to be sufficient for the purpose of this motion. The fact that the defendant is thus a domestic corporation for this purpose certainly does not lend any weight to defendant's contention that this court has no jurisdiction over it. The motion is denied.