EDNA L. REEP, Plaintiff, *v.* PAUL W. BUTCHER, Defendant.

Supreme Court, Steuben County, May 8, 1941.

*Clarence H. Brisco*, for the plaintiff.

*Walter B. Reynolds*, appearing specially for the defendant.

PERSONIUS, J. Both parties resided in Pennsylvania, the plaintiff in Tioga county and the defendant in York county, when the alleged cause of action arose, and ever since. Personal service of the summons was effected in New York State. The alleged cause of action on which the summons was issued arises out of an automobile accident which occurred in Tioga county, Pa. An automobile of a third party, Lewis C. Bravo, also of Tioga county, Pa., seems to have been involved in the same accident. Concededly, therefore, this is a tort action between two residents of Pennsylvania and involves an accident which occurred in Pennsylvania.

The plaintiff asks this court to accept jurisdiction, averring that after the accident she was taken to and confined in a Corning, N. Y., hospital, for twelve days, was attended by two physicians

and had X-rays taken by two technicians who reside at or near Corning. She also avers that a photographer of Corning took pictures of the scene of the accident and an engineer of Corning made measurements. Generally, she avers that these parties, the bookkeeper at the hospital and even some nurses there employed, will be necessary witnesses upon the trial. The accident occurred in Pennsylvania but near the State line. She also avers that the testimony of Mr. Bravo and Mr. Boswick, eye witnesses who reside in Pennsylvania, will be necessary, but that they are willing to come to Corning.

In a *tort* action between residents of another State, our Supreme Court in its discretion may accept or refuse jurisdiction. (*Gregonis* v. *P. & R. Coal & Iron Co.*, 235 N. Y. 152, 155; 32 A. L. R. 1, 6, 33; *Douglas* v. *N. Y., N. H. & H. R. R. Co.*, 248 N. Y. 580; affd., 279 U. S. 377; *Wedemann* v. *U. S. Trust Co.*, 258 N. Y. 315, 317, 318; *Burdick* v. *Freeman*, 120 id. 420, 426; *Murnan* v. *Wabash R. Co.*, 246 id. 244, 246, 247.) Should it accept jurisdiction of an action between residents of Tioga county, Pa., to recover in tort on a cause of action arising in said county?

The courts have accepted jurisdiction of such an action where the cause of action arose in New York. (*Hunter* v. *Hosmer*, 142 Misc. 382; *Collard* v. *Beach*, 81 App. Div. 582, 585; 93 id. 339. *Contra, Gainer* v. *Donner*, 140 Misc. 841.) However, we find and are pointed to no case in which our court has accepted jurisdiction of a *tort* action between parties residing in another State *where the cause of action arose there*, in the absence of special circumstances which we do not find here. " The discrimination between resident and non-resident plaintiffs is probably based upon reasons of public policy, that our courts should not be vexed with litigation between non-resident parties over causes of action which arose outside of our territorial limits." (*Robinson* v. *Oceanic Steam Nav. Co.*, 112 N. Y. 315, 323, 324; *Hoes* v. *N. Y., N. H. & H. R. R. Co.*, 173 id. 435, 441.)

Under special circumstances our court has accepted jurisdiction. In *Buonanno* v. *Southern Pacific Co.* (121 Misc. 99) the defendant, though a non-resident, was doing business in this State and part of the acts complained of were performed in this State; in *Burdick* v. *Freeman* (120 N. Y. 420) the action had been pending a year, without objection until the close of the trial. In *State of Yucatan* v. *Argumeda* (92 Misc. 548) the court said (p. 556): " The cause of action * * * is really fundamentally contractual in nature * * *," and (p. 557): " To decline jurisdiction would leave the State of Yucatan absolutely without remedy," because personal service on the defendant in a foreign country could not be obtained.

In the *Buonanno* case the court said (p. 100): " It is true that it is the general attitude of the courts of this State to refuse to entertain jurisdiction of a cause of action where the entire transaction took place outside of the State and both plaintiff and defendant are non-residents."

The only special circumstances here pointed out are that witnesses reside in Steuben county, N. Y., and that it will be a financial hardship to the plaintiff to produce their testimony in Wellsboro, Pa. This, we think, is not sufficient to warrant the acceptance of jurisdiction of litigated matters which belong solely in an adjoining State. There are eye witnesses to the accident residing in Tioga county, Pa. One was involved in the accident and might be a proper party to the action.

Motion granted. No costs.