ANTONIO J. BRANDAO, Plaintiff, v. UNITED FRUIT COMPANY, Defendant.

Supreme Court, Kings County, October 3, 1944.

*C. B. M. O'Kelley* for defendant.

*Di Costanzo & Garcia* for plaintiff.

SMITH, J. Plaintiff is suing herein to recover for personal injuries which were sustained during the course of his employment as a seaman aboard the steamship *Casimir Pulaski* while at Boston, Massachusetts.

The action is predicated in part upon the provisions of the Jones Act (U. S. Code, tit. 46, § 688).

At the time in question the ship allegedly was under the control and management of the defendant United Fruit Company, pursuant to a certain charter agreement with the War Shipping

Administration. The defendant is a foreign corporation, having been created under the laws of New Jersey. Its principal office is in Boston, Massachusetts, and it engages in no business within New York save that which pertains to foreign and interstate commerce. At the time the present action was commenced, plaintiff possessed no permanent residence but had a temporary residence in Naugatuck, Connecticut. Defendant now moves to dismiss the complaint pursuant to rule 107 of the Rules of Civil Practice upon the ground, among others, that the court should decline the assumption of jurisdiction since neither party was a resident of this State when the action was commenced.

The principle is well established that the courts of this State may refuse in their discretion to entertain jurisdiction over causes of action arising out of a tort committed in a sister State where both the plaintiff and defendant are nonresidents. Cases which are illustrative of the applicable rule are collated in *Reep* v. *Butcher* (176 Misc. 369). The existence of special circumstances sometimes inclines the courts to retain jurisdiction. (Thus, see decision in *Murnan* v. *Wabash Railway Co.*, 222 App. Div. 833.) No special circumstances sufficient to warrant the retention of jurisdiction however have been disclosed herein.

There is an additional reason justifying the granting of the motion. Section 33 of the Jones Act (U. S. Code, tit. 46, § 688) provides that an action can be brought only in the district in which the defendant employer resides or in which his principal office is located. (See *Mowat* v. *United Fruit Co.*, 37 N. Y. S. 2d 93.)

Plaintiff urges however that since defendant has generally appeared in the action it has thus waived any right now to challenge the assumption by the court of jurisdiction. That contention cannot be sustained. As pointed out above, the question whether jurisdiction will be assumed ordinarily, and in the absence of controlling statutory provisions, is one which is confined to the sound discretion of the court. The right to exercise that discretion is not affected by the fact that a defendant, without first protesting the assumption of jurisdiction by the court, appears generally in the action. Even where issue has been joined and the action between nonresidents has proceeded on the merits to the point of trial, the court is still clothed with power to decline jurisdiction over the dispute. (See *Larrive* v. *Prince Line, Ltd.*, 224 App. Div. 764; *Burdick* v. *Freeman*, 120 N. Y. 420, 426.)

Motion granted.