MARTHA E. SALOMON, Plaintiff, *v.* UNION PACIFIC RAILROAD COMPANY, Defendant.

City Court of the City of New York, Special Term, New York County,
May 5, 1949.

*William R. McDermott* for defendant.

*Joseph S. Libasci* for plaintiff.

COLEMAN, J. The plaintiff is a resident of Connecticut; the defendant is a railroad corporation organized under the laws of Utah which operates no lines in this State but which by concession, for the purposes of this motion, does business here. Plaintiff, while a passenger on one of the defendant's trains from Wyoming to Nebraska was injured in Wyoming and has brought suit here to recover damages. Defendant which has appeared generally moved to dismiss the complaint on the ground that the maintenance of the action in our courts is an undue burden on interstate commerce but it has abandoned that point. It does appeal to the discretion of the court to dismiss the case on the ground that it is one between two nonresidents wherein the cause of action arose elsewhere. Of course cases have been dismissed on that ground (cf. *Douglas* v. *New York, N. H. & H. R. R. Co.,* 279 U. S. 377, and *Murnan* v. *Wabash Ry. Co.,* 246 N. Y. 244) but to dismiss a case merely because of these facts flies in the face of the legislative policy which confers jurisdiction upon us (General Corporation Law, § 225). If the case were dismissed here the plaintiff would have to sue either in Connecticut or in one of the far western States. The defendant has not urged that it will be inconvenient for it to defend the suit here so we must disregard its convenience even if it is proper to consider it; and it is probably more convenient to it to defend in New York than in Connecticut. Certainly it would be burdensome to the plaintiff to require her to sue in Utah or in one of the other western States and there is nothing to show that the plaintiff can issue process against the defendant in Connecticut. The only inconvenience would be to this State in being called upon to decide a controversy between nonresidents which has its origin elsewhere. That is the only factor which ought to be considered and it is a very slight inconvenience indeed to the State and to our courts. To assume it is a very small price to pay for the economic position which the metropolitan area holds; one more case will not overburden us. Connecticut is not so far away that we should automatically close our courts to one of her residents in a case which involves the obligations of a carrier that is a link

in the·system of transportation from New York to the Pacific Coast and that very likely considers Connecticut as falling within the sphere of its New York activities. We should so consider it too. The motion to dismiss addressed to the court's discretion is denied. Settle order.