WILLIAM H. YESUVIDA, Plaintiff, *v.* PENNSYLVANIA RAILROAD COMPANY, Defendant.

MERLE R. EDWARDS, Plaintiff, *v.* PENNSYLVANIA RAILROAD COMPANY, Defendant.

ALBERT H. WILLIAMS, JR., et al., Plaintiffs, *v.* PENNSYLVANIA RAILROAD COMPANY, Defendant.

FRANCIS X. QUAREQUIO, Plaintiff, *v.* PENNSYLVANIA RAILROAD COMPANY, Defendant.

Supreme Court, Special Term, Kings County, June 21, 1951.

*Oscar A. Lewis* and *Kenneth V. Fisher* for defendant.

*William A. Blank* for plaintiffs.

*John Hayduchock* [Wilkes-Barre, Pa.] for William H. Yesuvida, plaintiff.

*John W. McCormick* [Wilkes-Barre, Pa.] for Merle R. Edwards and others, plaintiffs.

BELDOCK, J. Four motions made by the defendants in these four actions instituted to recover for personal injuries.

Defendant moves to dismiss the complaints in each of the four above-entitled actions, contending that this court should refuse jurisdiction upon the ground that each action involves a claim between nonresidents of this State for a tort committed in a foreign State.

The four plaintiffs, who reside in the city of Wilkes-Barre, Luzerne County, Pennsylvania, were passengers in defendant's train which was involved in a serious collision in the State of Ohio. Defendant is a foreign corporation organized and existing under the laws of the Commonwealth of Pennsylvania and is concededly doing business in the State of New York.

Plaintiffs assert that notwithstanding their residence in Pennsylvania and the happening of the accident in Ohio, there are special circumstances warranting the retention of jurisdiction by this court and the denial of the motions to dismiss the complaints. The special reasons urged by plaintiffs are (1) that in litigated actions against this and other railroad companies involving claims for personal injuries and instituted in Luzerne County, Pennsylvania, where plaintiffs reside, none or very few of the plaintiffs in such actions have been successful, and that

the verdicts when recovered have not been even "moderately compensatory" for the injuries sustained; (2) that plaintiffs herein are in such straitened financial circumstances as not to have the funds necessary for the transportation, hotel bills and expenses which would be involved were these actions required to be brought in the courts of Ohio where the accident occurred; (3) that plaintiffs have been examined by specialists in New York City where it is proposed that plaintiffs will receive some medical treatment, and that these specialists will be available for testimony in this jurisdiction on behalf of the plaintiffs; and (4) that by reason of the nature of the accident involving plaintiffs as passengers, there will in all likelihood be no issue of liability but solely one of determining the extent of damages resulting from the injuries; that upon this issue the testimony of medical experts practicing in this city will be available to the defendant.

In support of the first assertion, plaintiffs annex a survey made by a member of the Bar of Luzerne County, which is claimed to contain a catalogued account of all actions commenced in said county against this defendant (covering a period of more than twenty-five years) and other railroad companies (covering a period of approximately ten years). Supporting affidavits by members of the Bar of the State of Pennsylvania practicing in said county are submitted. These affidavits, with one exception, are made essentially by the local attorneys practicing in Wilkes-Barre who have appeared as attorneys of record for the plaintiffs in these four actions. The attorneys state in substance that an "unusual" situation exists in Luzerne County, as a result of which plaintiffs in suits against the railroad rarely recover verdicts, and, to quote from one of such affidavits, it is claimed that "almost invariably the railroads have been the successful defendants in any cases, and those are few, that have reached jury verdicts."

This claim is controverted by defendant railroad. It submits affidavits made by other members of the Bar practicing in Luzerne County, supplemented by defendant's own survey of the court records in actions against this defendant and other railroads (covering a period of approximately eleven years). Defendant's affidavits assert in substance that jury verdicts in favor of plaintiffs against railroads are obtained in that jurisdiction in a great number of the cases; that many actions are amicably adjusted before trial and that accordingly these plaintiffs would obtain a fair trial in Luzerne County, Pennsylvania.

All the litigants clearly recognize the principle long imbedded in our jurisprudence that the courts are not bound to try actions between nonresidents but may, in the exercise of sound discretion, refuse to take cognizance of the controversy. This principle has been enunciated in *Douglas* v. *New York, N. H. & H. R. R. Co.* (248 N. Y. 580, affd. 279 U. S. 377); *de la Bouillerie* v. *de Vienne* (300 N. Y. 60); *Wedeman* v. *United States Trust Co.* (258 N. Y. 315); *Murnan* v. *Wabash Ry. Co.* (246 N. Y. 244); and *Gregonis* v. *Philadelphia & Reading Coal & Iron Co.* (235 N. Y. 152).

The circumstance that the action is brought by a nonresident against a foreign corporation doing business in this State does not alter this principle. Subdivision 4 of section 225 of the General Corporation Law, which permits the maintenance of such actions, is permissive and not mandatory. Under this section our courts may or may not accept jurisdiction as a matter of discretion (*Douglas* v. *New York, N. H. & H. R. R. Co., supra; Gregonis* v. *Philadelphia & Reading Coal & Iron Co., supra; Murnan* v. *Wabash Ry. Co., supra; Bagdon* v. *Philadelphia & Reading Coal & Iron Co.,* 178 App. Div. 662; *Waisikoski* v. *Philadelphia & Reading Coal & Iron Co.,* 173 App. Div. 538, affd. 228 N. Y. 581).

While such discretion exists, the courts of this State have repeatedly refused in the exercise thereof to entertain jurisdiction in cases of this character (*Gregonis* v. *Philadelphia & Reading Coal & Iron Co., supra*). However, where special circumstances exist, the courts have assumed jurisdiction and have deemed the exercise of such discretion necessary and proper (*Murnan* v. *Wabash Ry. Co.,* 222 App. Div. 833).

Thus, for a determination, this court is obliged to ascertain whether the circumstances herein urged are of such special character as to warrant the retention of jurisdiction. The court is fully cognizant of the very serious injuries which these plaintiffs have sustained, and as a result has given this matter long and serious consideration. Upon the record before me there is only one conclusion that can be reached, namely, that there are no " special circumstances " here present which would permit the retention of jurisdiction.

Plaintiffs' assertions fall far short of establishing that a fair trial cannot be had in the place of plaintiffs' residence. The argument that plaintiffs will be saddled with onerous expenses if compelled to try their cases in Ohio is untenable for two reasons: First, plaintiffs may try these actions in Pennsylvania,

in the county in which they reside; secondly, if funds are not available to finance a lawsuit in Ohio, they are not made more readily available by litigating the matter in New York.

Nor do the remaining arguments for retention of jurisdiction have merit. The court cannot assume that the defendant will not contest the issue of liability. In any event, even if the only issue before the trial court is that of determining damages, the mere convenience of the medical witnesses cannot control the situs of the lawsuit. Furthermore defendant's employees, members of the train crew for the most part, reside either in Ohio or Pennsylvania, and others who may be witnesses for the plaintiffs by reason of their presence at the scene of the accident reside outside the jurisdiction of this court.

Plaintiffs have referred to a number of cases, none of which supports their contention on this application as all are clearly distinguishable from the instant cases. In each of the cited cases, special circumstances were present warranting the court to retain or accept jurisdiction.

In *Richter* v. *Chicago, Rock Is. & Pacific R. R. Co.* (123 Misc. 234) jurisdiction was retained here. However, in that case defendant railroad was not doing business in Connecticut where the plaintiff resided. Defendant, an Illinois corporation, was doing business in New York State where process was served. Plaintiff, being unable to serve defendant in the State of his residence, would have been obliged to institute the action in the State of Oklahoma where the accident occurred, or in Illinois, the place of defendant's incorporation. This was held to be a special circumstance permitting the action to be brought in this State.

Similarly, in *Murnan* v. *Wabash Ry. Co.* (222 App. Div. 833, *supra*) plaintiff, a resident of Connecticut, could not obtain jurisdiction of defendant in his home State as defendant was not doing business in that State. The Appellate Division of this department accordingly permitted the suit to remain here where defendant was doing business and was served with process, instead of compelling plaintiff to proceed to Indiana, the place of defendant's incorporation, or to Michigan, where the accident occurred.

In *Salomon* v. *Union Pacific R. R. Co.* (197 Misc. 272) plaintiff was a resident of Connecticut, defendant a railroad corporation organized under the laws of Utah, doing business in this State. Plaintiff sued here for an injury sustained in Wyoming while a passenger on defendant's train which was proceeding from

Wyoming to Nebraska. Jurisdiction was retained here because plaintiff could not sue in his home State as defendant was not doing business therein.

In *Zucker* v. *Raymond Laboratories* (74 N. Y. S. 2d 7) plaintiff sued for damages sustained as a result of an accident which occurred in Pennsylvania. Plaintiff was a resident of Pennsylvania and defendant a Minnesota corporation doing business in this State. Plaintiff could not sue in the place of his residence as defendant was not doing business in that State. Instead of compelling plaintiff to proceed to Minnesota, he was permitted to sue in New York.

In *Williamson* v. *Palmer* (181 Misc. 610) both plaintiffs and defendant were residents of Connecticut; defendant was doing business in this State. Plaintiffs sued here for personal injuries sustained in Connecticut, resulting from an accident on defendant's railroad. The Statute of Limitations had run in Connecticut against the plaintiffs' claim, so that if the motion to dismiss were granted, plaintiffs would be deprived of any remedy. This was held to be a special circumstance permitting the retention of jurisdiction in this State.

In *Randle* v. *Inecto, Inc.* (131 Misc. 261) plaintiff, a resident of Mississippi, sued in this State to recover damages for personal injuries. Defendant was a Delaware corporation doing business in New York State. The cause of action arose in Tennessee. Jurisdiction was retained here for two reasons: (1) plaintiff could not sue defendant in Mississippi, his home State, as defendant was not doing business therein, nor in Tennessee where defendant also had no place of business; (2) the cause of action had expired under the Delaware Statute of Limitations. These were held to be special circumstances permitting the action to remain here.

*Matter of Baltimore Mail S. S. Co.* v. *Fawcett* (269 N. Y. 379) and *International Milling Co.* v. *Columbia Transp. Co.* (292 U. S. 511) are not in point. The objection raised in those cases was that retention of jurisdiction would be an unreasonable burden on interstate and foreign commerce, an argument which is clearly different from that advanced by the defendant in this case, namely, that the court should decline jurisdiction as a matter of discretion.

Lastly, *Gilbert* v. *Gulf Oil Corp* (153 F. 2d 883) is no authority for plaintiffs. That case involved a suit brought in the United States District Court for the Southern District of New York to recover damages for destruction of plaintiff's warehouse in

Virginia as a result of defendant's alleged negligence in delivering gasoline. Defendant was a corporation organized under the laws of Pennsylvania, doing business in New York. It was also authorized to do business in Virginia. The District Court Judge, following the New York law, refused to accept jurisdiction of the action in tort by the plaintiff, a resident of Virginia. On appeal, the Circuit Court of Appeals overruled the decision of the lower court, holding that the District Judge improperly rejected jurisdiction of the action. It is this ruling of the Circuit Court of Appeals upon which plaintiffs rely. However, that decision was overruled by the United States Supreme Court (330 U. S. 501) which held that the District Court in the exercise of sound discretion could refuse jurisdiction of the lawsuit.

Unlike the special circumstances which arose in the cases above cited, plaintiffs herein can sue the defendant in their home State since the defendant was organized under the laws of the Commonwealth of Pennsylvania and is doing business therein. Moreover, plaintiffs can also sue in the State of Ohio where the accident occurred, as defendant is also doing business in that State. It is not denied that defendant's railroad operates through Pennsylvania and Ohio and that defendant is subject to process in both States. Nor can plaintiffs urge that if this motion were granted they would be without remedy, since defendant concededly could not interpose the defense of the Statute of Limitations either in Ohio or Pennsylvania, the accident having happened as recently as September 11, 1950.

It is my view, therefore, that these actions should be brought either in Pennsylvania where all the litigants and some of the witnesses reside, or in Ohio where the accident occurred. It is common knowledge that our courts are heavily overtaxed with actions involving litigation affecting residents of this county. Jurisdiction of the within actions, if retained, might open the floodgates to litigation which does not belong here and which would impose an unwarranted burden on this court, to the prejudice of resident litigants.

Accordingly, the motions to dismiss are granted.