A. David Benjamin, J.
Motion to vacate and set aside service of summons upon the defendant. Defendant is a Florida corporation which has no officer, director or agent residing, stationed or customarily within New York State. It has not filed any designation of a person to be served with process with the Secretary of State, with the Banking Department or with the Department of Insurance of New York State. However, pursuant to the Motor Carrier Act (U. S. Code, tit. 49, § 321) the defendant designated one Mildred Straub, upon whom process could be served in the State of New York and she was served with a copy of the summons in this action.
The defendant, citing Kuris v. Pepper Poultry Co. (174 Misc. 801), asserts that any service other than as specified under section 229 of the Civil Practice Act is invalid. The holding in the Kuris case has been overruled by the Appellate Division, Second Department, in Esperti v. Cardinale Trucking Corp. (263 App. Div. 46), where service was made pursuant to the Motor Carrier Act. The court there said: “Defendant contends that section 229 of the Civil Practice Act provides the exclusive method of obtaining jurisdiction over the person of a foreign corporation. We think not. It is fundamental that jurisdiction over the person of a defendant may be acquired by consent. (Gilbert v. Burnstine, 255 N. Y. 348; Restatement, Conflict of Laws, § 90). By designating the agent upon whom process Avas to be served Avithin this State, the defendant consented to the jurisdiction in personam by the proper court.”
The defendant asserts that in any event this court should not take jurisdiction of the action under the doctrine of forum non conveniens. Under such doctrine our courts as a matter of public policy will refuse to retain jurisdiction in an action between nonresidents for torts arising outside of the State of New York unless special circumstances exist. (Taylor v. Interstate Motor Frgt. System, 309 N. Y. 633; Yesuvida v. Pennsylvania *110 R. R. Co., 200 Misc. 815.) The plaintiff asserts that the defendant is doing business here; that plaintiff was a resident of New York State when the action was commenced and that there are special circumstances existing which make the retention of jurisdiction necessary.
In de la Bouillerie v. de Vienne (300 N. Y. 60) the Court of Appeals, at page 62, said: “ Our courts are bound to try an action for a foreign tort when either the plaintiff or the defendant is a resident of this State * * * Hence there was here error of law when Special Term dismissed the complaint without consideration of the question whether at the commencement of this action the defendants were residents of this State ”.
In view of the special circumstances of this case and since service has been properly made upon the defendant, the discretion of the court should be exercised to retain jurisdiction in the interest of justice.
Motion denied.