Joseph L. SHULMAN, as Guardian ad
Litem of Pauline W. Shulman, Incom-
petent, and Joseph L. Shulman, Individ-
ually, Plaintiffs,

v.

COMPAGNIE GENERALE TRANSAT-
LANTIQUE and Société Nationale De
Chemins De Fer Francais, Defendants.

United States District Court
S. D. New York.

May 21, 1957.

Joseph Kleiner, New York City, for plaintiffs, Herman B. Gerringer, New York City, of counsel.

Foley, James & Conran, New York City, for Compagnie Generale Transatlantique (French Line), Frank J. Foley, Milton James, New York City, of counsel.

Goldstein, Judd & Gurfein, New York City, for defendant Société Nationale de Chemins de Fer Francais, Henry B. Hyde, James F. Cahill, Robert J. Haft, New York City, of counsel.

DIMOCK, District Judge.

Defendant Société Nationale de Chemins de Fer Francais, (hereinafter French Railways) moves to dismiss the complaint on the grounds that this suit would not be entertained by the courts of New York State, that it should be dismissed under the rule of forum non conveniens and that the exercise of jurisdiction by this court will unreasonably burden commerce with foreign nations. Defendant Compagnie Generale Transatlantique (hereinafter French Line) moves to dismiss the complaint on the grounds that it does not state a claim upon which relief may be granted, and forum non conveniens.

Plaintiff, Joseph L. Shulman, suing individually and as guardian ad litem of his wife, Pauline W. Shulman, who I find to be residents of the State of Connecticut, brings this action to recover for injuries sustained by Mrs. Shulman who was a passenger on the French Railways in France. Plaintiff alleges that Mrs. Shulman was struck by baggage which fell from a rack in a boat train operated by defendant French Railways and carrying passengers from the ship of defendant French Line from Le Havre to Paris. He claims that the baggage was negligently placed in the rack by both defendants.

French Railways maintains an office in New York City which solicits business and sells tickets for its transportation facilities in France. It has not procured a license to do business in New York, nor has it consented to be sued. French Line has offices in New York City, its vessels regularly come into the port of New York, and it is duly authorized to do business in New York.

French Railways contends that this action, between non-residents on an out of state tort, would not be entertained by the courts of New York State, and that this court must follow that state rule, citing Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. The courts of New York State have declined to entertain jurisdiction in suits between non-residents on out of state torts in the absence of special circumstances, Gregonis v. Philadelphia & R. Coal & Iron Co., 235 N.Y. 152, 139 N.E. 223, 32 A.L. R. 1; Reep v. Butcher, 176 Misc. 369, 27 N.Y.S.2d 330; Brandao v. United Fruit Co., 183 Misc. 683, 50 N.Y.S.2d 886, Yesuvida v. Pennsylvania R. Co., 200 Misc. 815, 111 N.Y.S.2d 417, and foreign corporations are treated as non-residents even though they have obtained authority to do business in New York. See Williamson v. Palmer, 181 Misc. 610, 43 N.Y.S.2d 532. The General Corporation Law of New York, however, provides that

the courts have jurisdiction of actions of this type.[1] The judicial policy of declining jurisdiction is effective only in the absence of special circumstances, Reep v. Butcher, supra. The fact that the statute of limitations has run in the plaintiff's residence has been considered a special circumstance, Randle v. Inecto, Inc., 131 Misc. 261, 226 N.Y.S. 686; Williamson v. Palmer, supra; or that defendant was not present in the plaintiff's residence, Murnan v. Wabash Railway Co., 246 N.Y. 244, 158 N.E. 508, 54 A.L.R. 1522, on remand, 222 App.Div. 833, 226 N.Y.S. 393; Richter v. Chicago, Rock Island & Pacific Railway Co., 123 Misc. 234, 205 N.Y.S. 128; Salomon v. Union Pacific R. Co., 197 Misc. 272, 94 N.Y.S. 2d 429. Though there is no direct authority on the point, it appears to me that a New York court would entertain an action like this between non-residents on an out of state tort where the defendant was not amenable to suit at the residence of the plaintiff and there was not another more convenient forum available in the United States.

█ Assuming that the New York rule were otherwise, there is grave doubt whether Erie R. Co. v. Tompkins would require me to follow that rule. There is substantial authority for the proposition that Erie R. Co. v. Tompkins does not bind the federal courts to follow state views on forum non conveniens[2] so, if the New York rule were to be regarded as part of its law on that subject, there would be respectable precedent for my disregarding it.

█ There is a much more fundamental reason, however, for federal courts in diversity cases to refuse to apply any state rule like this which discriminates against non-residents in allowing resort to its courts. The purpose of the diversity jurisdiction is to avoid the results of state discrimination against non-residents. Martin v. Hunter's Lessee, 1 Wheat. 304, 4 L.Ed. 97. On that subject it is essential that the federal courts be free to make their own decisions despite the views of any state. The question is not within that body of state law that Erie R. Co. v. Tompkins says must be administered by the federal courts in diversity cases.

█ It is true that the Supreme Court has said that "the policy of Erie R. Co. v. Tompkins precluded maintenance in the federal court in diversity cases of suits to which the State had closed its courts." Woods v. Interstate Realty Co., 337 U.S. 535, 537, 69 S.Ct. 1235, 1237, 93 L.Ed. 1524. I believe, however, that there is an exception to that statement where the closing of the state courts constitutes a discrimination against a non-resident. In the Woods case the non-resident plaintiff corporation was excluded because it had not made itself accessible for the service of process on it within the state and had thus enjoyed an immunity unavailable to domestic corporations. It was not discrimination to require that it subject itself to the same burdens as domestic corporations as a condition to the use of the domestic courts. Angel v. Bullington, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832, relied on by defendants, involved a state statute applicable to residents and non-residents alike so that no question of discrimination was raised.

---

1. Section 225 of the General Corporation Law provides in part:
"An action against a foreign corporation may be maintained by another foreign corporation, or by a non-resident, in one of the following cases only:
\* \* \* \* \*
"4. Where a foreign corporation is doing business within this state."

2. Gilbert v. Gulf Oil Corporation, 2 Cir., 153 F.2d 883, 170 A.L.R. 319, reversed on other grounds 330 U.S. 501, 67 S.Ct. 839,

91 L.Ed. 1055; Koster v. Lumbermens Mut. Casualty Co., 2 Cir., 153 F.2d 888, affirmed on other grounds 330 U.S. 518, 67 S.Ct. 828, 91 L.Ed. 1067; Willis v. Weil Pump Co., 2 Cir., 222 F.2d 261; Ultra Sucro Co. v. Illinois Water Treatment Co., D.C.S.D.N.Y., 146 F.Supp. 393; but see First Nat. Bank of Chicago v. United Air Lines, 7 Cir., 190 F.2d 493, reversed on other grounds 342 U.S. 396, 72 S.Ct. 421, 96 L.Ed. 441.

The bare fact that the federal courts are not bound to follow any New York rule against suits between non-residents on foreign claims does not mean that the federal courts should not adopt that rule of their own accord. Nevertheless I see no occasion for the adoption of any such hard and fast rule. Its purpose in New York, except insofar as it duplicated the purpose of the forum non conveniens rule, would be to keep non-residents from getting disputes settled at the expense of the state of New York where the disputes had no connection with the state. Its adoption in the federal courts would not save the federal government any expense except in the rare case such as this where the claim arose outside of the United States; the parties would just be sent to some other federal district. It seems to me that the matter can be safely left to the rule of forum non conveniens for solution.

■ The New York rule against suits between non-residents on foreign claims is therefore rejected as a basis for granting the motion to dismiss.

■ French Railways further contends that this court in its discretion should dismiss the complaint on the grounds of forum non conveniens. This court has the power to decline jurisdiction. De Sairigne v. Gould, D.C.S.D. N.Y., 83 F.Supp. 270, affirmed 2 Cir., 177 F.2d 515, certiorari denied 339 U.S. 912, 70 S.Ct. 571, 94 L.Ed. 1338. French Railways states that it will have to bring many witnesses from France, that French law is applicable, and that the accident occurred in France.

■ Plaintiff states that there are witnesses to the accident now living in New York and that the medical witnesses reside in the United States. No party has listed the witnesses that he intends to call. Unless the balance of convenience is strongly in favor of the defendant, a plaintiff's choice of forum will rarely be disturbed. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055; Ford Motor Co. v. Ryan, 2 Cir., 182 F.2d 329. Plaintiffs, American

citizens, do not have an absolute right to sue in an American court. See De Sairigne v. Gould, supra. Where application of the doctrine of forum non conveniens would force American citizens to seek redress in a foreign court, however, courts of the United States are reluctant to apply the doctrine. Burt v. Isthmus Development Co., 5 Cir., 218 F.2d 353, certiorari denied 349 U.S. 922, 75 S.Ct. 661, 99 L.Ed. 1254; Vanity Fair Mills v. T. Eaton Co., 2 Cir., 234 F.2d 633, certiorari denied 352 U.S. 871, 77 S.Ct. 96, 1 L.Ed.2d 76. French Railways has not made a sufficient showing to warrant dismissal of the action. See Wheeler v. Societe Nationale Des Chemins, etc., D.C.S.D.N.Y., 108 F.Supp. 652.

The motion of French Line to dismiss on the grounds of forum non conveniens is denied on the same grounds as the motion of French Railways.

■ French Line's motion to dismiss the complaint on the ground that it does not state a claim on which relief may be granted rests upon a provision in Mrs. Shulman's ticket—that "the responsibility of the carrier hereunder is limited to the period while the passenger and/or his baggage * * * are on board the vessel * * * and/or the premises of the carrier".

That limitation covers only the relationship between Mrs. Shulman and the French Line as passenger and carrier. If and when she was struck by baggage placed in a railroad car by employees of the French Line, it was merely fortuitous that she happened to have been a passenger of that carrier before she boarded the train. Her rights against the French Line were the same as if she had never been a passenger. The ticket's limitation on her rights as a passenger had no effect on her rights not to be injured by negligence after she ceased to be a passenger. What the latter rights were depends, I suppose, on the law of France. While that has not yet been proved the complaint must stand under the rule that a complaint may not be dismissed if any valid claim may be

proved under it. Davis Electronics Co. v. Channel Master Corp., D.C.S.D.N.Y., 116 F.Supp. 919, Spohn v. United States, D.C.S.D.N.Y., 16 F.R.D. 240 and, see Dioguardi v. Durning, 2 Cir., 139 F.2d 774.

French Railways moves to dismiss the complaint on the ground that, if the court should entertain the claim, that would constitute an unconstitutional interference with commerce with foreign nations.[3]

■■■ At the outset it should be noted that the "Commerce with foreign Nations" protected by the constitution is commerce *of the United States* with foreign nations.

■■■ This motion is based on an urged analogy with cases such as Jablonski v. Southern Pac. Co., D.C.S.D.N.Y., 76 F.Supp. 1022, which hold that an action brought in the Federal courts based on a foreign tort and brought by a nonresident citizen against a foreign corporation engaged in interstate commerce, must be dismissed as an interference with that commerce.[4] The basis of those decisions is the thought that the interstate commerce carried on by the defendant will suffer if the persons engaged in that commerce are taken away from their posts to testify in a foreign jurisdiction with respect to a claim which arose where they were actually engaged. Davis v. Farmers' Co-operative Co., 262 U.S. 312, 43 S.Ct. 556, 67 L.Ed. 996.

The analogy fails in this case. Assuming, without deciding, that French Railways is engaged in commerce with foreign nations, the only basis for that assumption would be that the French Railways (although Mrs. Shulman's ticket was purchased on the high seas) sells tickets in New York entitling the purchaser to travel between points in Europe. French Railways does not purport to transport passengers or freight from this country to a point in Europe. Its only commerce with foreign countries, if any, is the arrangement, by communication with persons in Europe, of contracts for carriage in Europe. Trial of this action in the United States District Court for the Southern District of New York will not burden that commerce in any way. No one engaged in it will be required to come to this country to testify in this case which rests upon a claim that defendant French Railways was negligent in permitting baggage to fall on Mrs. Shulman in one of its trains running from Le Havre to Paris—in commerce solely foreign as distinguished from commerce with foreign nations. The burden will fall upon the commerce solely foreign if and when employees engaged in that commerce are required to come here and testify. As stated at the outset, commerce solely foreign is not protected by our constitution.

It is true that, if I am right that a corporation engaged in commerce with foreign nations in this District is not immune from suits in this District brought by non-residents on claims arising out of commerce solely foreign, such a corporation is in a less favorable position than if it were immune. Thus the rule of this case might deter people from entering commerce with foreign nations in this District when they were engaged in commerce solely foreign elsewhere. In that sense commerce with foreign nations would be burdened even though, once a person had embarked on such commerce with a foreign nation, the suit would not in any way interfere with that

---

3. Article I, Section 8 provides in part, "The Congress shall have Power * * * To regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes; * * *."

4. See accord Zuber v. Pennsylvania R. Co., D.C.N.D.Ga., 82 F.Supp. 670, 675; but see Southern Ry. Co. v. Cochran, 6 Cir., 56 F.2d 1019; Brown v. Canadian Pac. Ry. Co., D.C.W.D.N.Y., 25 F.Supp. 566; Ferguson v. Ford Motor Co., D.C.S.D. N.Y., 77 F.Supp. 425, 434, motion to transfer action for convenience of parties denied, D.C.S.D.N.Y., 89 F.Supp. 45, affirmed Ford Motor Co. v. Ryan, 2 Cir., 182 F.2d 329, certiorari denied 340 U.S. 851, 71 S.Ct. 79, 95 L.Ed. 624; Wadell v. Green Textile Associates, D.C.D.Mass., 92 F.Supp. 738; Cooke v. Kilgore Mfg. Co., D.C.N.D.Ohio, 105 F.Supp. 733.

commerce. I do not believe, however, that the mere deterrent tendency of the rule on which I am deciding this point gives to it the effect of a substantial burden on commerce with foreign nations.

Defendant French Line does not ask for a dismissal on the ground of burden on commerce with foreign nations unless the case is dismissed as to defendant French Railways on that ground. Even then dismissal is asked only because French Line will thereby be deprived of the benefit of the presence of French Railways' witnesses. Indeed defendant French Line has joined with plaintiff in arguing that the case should not be dismissed as to French Railways on the ground of burden on commerce with foreign nations.

The motions to dismiss are denied.