Don C. OVERSTREET, Plaintiff,

v.

CANADIAN PACIFIC AIRLINES, Defendant.

United States District Court
S. D. New York.
May 21, 1957.

Shearman & Sterling & Wright, New York City, for defendant. Thomas F. Fennell, II, M. Van Voorhies, New York City, of counsel.

DIMOCK, District Judge.

This is a motion to dismiss the complaint upon the following grounds: (1) that the law of New York would not countenance the maintenance of this suit in the New York courts and that the Federal Court should follow this doctrine under Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, (2) that the maintenance of this suit would place an unreasonable burden upon commerce with foreign nations in violation of Article I, Section 8, Clause 3 of the Constitution, (3) forum non conveniens, (4) that the service of the summons should be set aside on the ground that it does not comply with the requirements of Section 229 of the New York Civil Practice Act.

█ As I am clear that the maintenance of this action would place an unreasonable burden upon commerce with foreign nations in violation of Article I, Section 8, Clause 3 of the Constitution it is unnecessary to consider any of the other points.

The action is one to recover damages for personal injuries alleged to have been sustained on one of defendant's airplanes in Yukon Territory, Canada. Plaintiff is a non-resident and defendant is a Canadian corporation not authorized to do business within the State of New York. Defendant operates no flights to or from points in the continental United States but does operate flights from Canada to Alaska and to Hawaii. Defendant maintains an office in New York for the purpose of soliciting freight and passenger business and sells passenger tickets over its lines in combination with air carriers operating to and from points in the United States. The money for these tickets is collected within the State of New York.

█ While there is authority for the proposition that an action brought in the federal courts under the diversity jurisdiction cannot under any circumstances be dismissed as an unreasonable burden on commerce, Wadell v. Green Textile Associates, D.C.D.Mass., 92 F.

Supp. 738, Judge Medina in Jablonski v. Southern Pac. Co., D.C.S.D.N.Y., 76 F. Supp. 1022, dismissed, upon that ground, an action in the District Court brought by a non-resident upon a foreign tort against a foreign corporation engaged in interstate commerce and I see no reason for departing from his decision.

█ The question remains whether in order to apply the analogy of the Jablonski case it can be said that defendant is engaged in commerce with foreign nations within the meaning of the Constitution. As above stated, it operates no flights to or from points in the continental United States but it does operate flights between Canadian points on the one hand and Alaskan and Hawaiian points on the other. Is commerce between a territory and foreign nations protected as would be commerce between a state and foreign nations? The answer is supplied by the case of Inter-Island Steam Nav. Co. v. Territory of Hawaii, 9 Cir., 96 F.2d 412, affirmed 305 U.S. 306, 59 S.Ct. 202, 83 L.Ed. 189 and the answer is in the affirmative.

On the authority of that case and the Jablonski case I hold that this action must be dismissed as an unreasonable burden on commerce with foreign nations.

The case is to be distinguished from Shulman v. Compagnie Generale Transatlantique, D.C., 152 F.Supp. 833. In that case, the defendant French Railways was not engaged in any commerce between the United States and foreign nations by means of its railroad lines. Hence I held that its railroad commerce was not protected from burdens by the commerce clause. Here defendant is engaged in commerce with foreign nations and that commerce is entitled to protection from burdens under the commerce clause.

It may be said that the burden is here insubstantial since the effect of bringing witnesses away from their work in the Yukon territory to New York would not interfere with service between Canada and Alaska or Hawaii. I think, however,

that defendant's operations must be regarded as integrated and that I should not speculate upon the ability of defendant to replace its employees at the scene of the accident without drawing upon employees from its neighboring Alaska run or even from its Hawaiian run.

The motion to dismiss is therefore granted on the ground that maintenance of the action would constitute an unreasonable burden upon commerce with foreign nations.