Scene-In-Action Corporation, Appellant, v. Knights of the Ku-Klux-Klan, Appellee.

Gen. No. 34,628.

Opinion filed March 24, 1931. Rehearing denied April 6, 1931.

ALBERT SABATH, for appellant.

JUSTUS CHANCELLOR and JUSTUS CHANCELLOR, JR., for appellee.

MR. JUSTICE KERNER delivered the opinion of the court.

The plaintiff, Scene-In-Action Corporation, sued the defendant, Knights of the Ku-Klux-Klan, a corporation, in assumpsit for $2,500 for goods sold and delivered. The summons, directed to the defendant was returned by the sheriff served as follows: ". . . by delivering a copy thereof to Dr. Hiram Westley Evans, Imperial Wizard of said corporation." The defendant appeared specially and filed a verified plea, that before and at the time of the commencement of the cause of action, it was and is still residing and doing business in the State of Georgia, and not in the county of Cook and State of Illinois; that it was not found or served with process in the county of Cook;

that it is a fraternal organization incorporated in the State of Georgia; that it never has been nor has it entered the State of Illinois for the purpose of transacting business, nor for any other purpose; that it has no agent, officers or others representing it, and no one in Illinois is authorized by it to accept service or upon whom service of summons can be made, and that Hiram W. Evans was not at the time summons was served upon him in any manner an agent, employee, officer or member of the Knights of the Ku-Klux-Klan, a corporation. There was a replication to this plea to the jurisdiction.

On the trial before the court without a jury the plaintiff introduced the original summons, together with the return of the sheriff, and the testimony of Emanuel Goldstrich, who testified that he accompanied the deputy sheriff to the Eighth Street Theatre where the Knights of the Ku-Klux-Klan were having a convention, and while the convention was in session there saw Dr. Evans, who was chairman of the meeting; that Evans was served with the summons at the Stevens Hotel. The defendant introduced in evidence a certificate of incorporation from which it appears that the Knights of the Ku-Klux-Klan were duly incorporated under the laws of the State of Georgia, its object being purely benevolent and eleemosynary, the principal office being in Fulton County, Georgia; the corporation having power to issue decrees, edicts and certificates of organization to separate branches of the corporation in Georgia and other States of the United States; that there shall be a supreme legislative body in which shall be vested the power to amend and adopt constitutions and by-laws; that the business of the society shall be under the control of the Imperial Wizard (president) who shall be amenable in his official administration to the supreme executive committee. The court found the issues for the defendant and that the service of summons was not sufficient to

give the court jurisdiction of the defendant. From the entry of this order plaintiff appealed.

Paragraph 8, ch. 110, Cahill's Ill. Revised Stats., provides: "An incorporated company may be served with process by leaving a copy thereof with its president, if he can be found in the county in which the suit is brought. . . ." The summons was served by delivering a copy to the Imperial Wizard of the defendant corporation, which office corresponds to the office of president of the corporation. The method of service prescribed by the statute was accordingly followed. But this is not alone determinative of the question of jurisdiction. The service of process upon the president of a foreign corporation in order to confer jurisdiction must constitute due process of law under the requirements of the fourteenth amendment to the Constitution of the United States. (*Connecticut Mut. Life Ins. Co. v. Spratley,* 172 U. S. 602; *Armstrong Co. v. New York Cent. & H. R. R. Co.,* 129 Minn. 104, 151 N. W. 917, and cases cited.) To meet the requirements of due process of law in an action against a foreign corporation there must not only be service of process upon an officer or agent within the State, but the corporation must be doing business in the State. (*Goldey v. Morning News,* 156 U. S. 518.) It cannot be sued *in personam,* when it is not doing business in the State where the suit is brought. (*Toledo Railways & Light Co. v. Hill,* 244 U. S.49; *Riverside & Dan River Cotton Mills v. Menefee,* 237 U. S. 189; *Pembleton v. Illinois Commercial Men's Ass'n,* 289 Ill. 99; *Booz v. Texas & Pacific Ry. Co.,* 250 Ill. 376.) It must appear that the corporation was carrying on its business in the State where the process was served on its agent and that the business was transacted by some agent or officer appointed by or representing the corporation in such State. (*Pembleton v. Illinois Commercial Men's Ass'n, supra; Rosenberg Bros. & Co. v.*

*Curtis Brown Co.*, 260 U. S. 516.) No general ruling has been formulated defining what transactions constitute doing business so as to render a corporation liable to service, but in general the business must be such in character and extent as to warrant the inference that the corporation has subjected itself to the jurisdiction and laws of the State, or, as often stated, the business must be such that the corporation is for the time being within the State in which it is sued. (*People's Tobacco Co. v. American Tobacco Co.*, 246 U. S. 79; *Rosenberg Bros. & Co. v. Curtis Brown Co., supra; St. Louis S. W. Ry. Co. v. Alexander*, 227 U. S 218; *International Harvester Co. v. Kentucky*, 234 U. S. 579.)

In the instant case the defendant, a foreign corporation organized under the laws of Georgia, was holding a general convention in Chicago, Cook county, Illinois. Dr. Hiram W. Evans was the Imperial Wizard of the defendant, which office corresponds to the office of a president of a corporation, and as such was presiding at the convention and conducting its business. It is contended that these facts do not constitute such transaction of business in the State that the defendant could be said to have ever been in the State. In the case of *Booz v. Texas & Pacific Ry. Co., supra*, the court said: "Doing business within this State means the transaction of the ordinary business in which the corporation is engaged, by the exercise of some of its charter powers." The officer must be there officially representing the corporation in its business. (*Conley v. Mathieson Alkali Works*, 190 U. S. 406.) The agent must be one actually appointed by the corporation and representing the corporation in some line of employment authorized by its charter. (*Barnard v. Springfield & Northwestern Traction Co.*, 274 Ill. 148, 151.) The presence of a corporation within a State necessary to the service of process is shown when it

appears that the corporation is there carrying on business in such sense as to manifest its presence within the State. The question whether the holding of a general convention by a foreign corporation constitutes "doing business," within the meaning of the rule here under consideration, is one upon which we have been unable to find authority. The defendant offered no evidence, excepting its certificate of incorporation, to show that it was not doing business in this State, and there was no evidence to show that it did no other business in this State, and that it had not issued certificates of organization to a branch or branches in Illinois. The burden was on the defendant to support its plea. (1 Cyc. 134; Puterbaugh P. & P., 10th Ed., sec. 94.) Our opinion is that after defendant had sent its agent into the State of Illinois to hold a general convention, which is in the exercise of its charter powers, it is not in a position to say that it has never been in the State of Illinois, and we hold that the service made in this case gave the court jurisdiction over defendant.

For the reasons above indicated we think the court erred in dismissing the suit, and the order will be reversed and the cause remanded for a trial upon the merits.

*Reversed and remanded.*

SCANLAN, P. J., and GRIDLEY, J., concur.