**MUNCH v. UNITED AIR LINES Inc. et al.
(AMERICAN AUTOMOBILE INS. CO.,
Intervenor).**

No. 10123.

United States Court of Appeals
Seventh Circuit.

Oct. 9, 1950.

Thomas J. Finnegan, Chicago, Ill., for appellant.

William H. Schrader, Paul H. Heineke, Clarence R. Conklin, David Jacker, Charles M. Rush, and John M. O'Connor,

Jr., all of Chicago, Ill., William H. Symmes, Chicago, Ill., of counsel, for appellees.

Before DUFFY, FINNEGAN and LINDLEY, Circuit Judges.

LINDLEY, Circuit Judge.

This is an action to recover damages for the allegedly wrongful death of plaintiff's decedent, Fred O. Munch, who died October 24, 1947, as the result of injuries sustained that day in the crash, near Bryce Canyon, Utah, of an airplane owned and operated by defendant, United Air Lines. The complaint averred that defendant Douglas Aircraft Company had negligently manufactured the plane, and that United had been guilty of certain acts of negligence in its operation of the plane on which decedent, while proceeding within the scope of his employment by Air Line Pilots Association, was travelling as a passenger at the time of the fatal accident. The American Automobile Insurance Company, permitted to intervene as an additional party plaintiff, sought to recover the amount of workmen's compensation which had been paid by it to the original plaintiff.

Douglas appeared specially for the limited purpose of filing its motion to quash the summons with which it had been served, averring that, at the time of service, it was not doing business in Illinois and was not, therefore, amenable to process in that state. Plaintiff, opposing this motion, asserted that Douglas, which, in 1942, had applied for and received a certificate of authority to do business in Illinois, had never applied for or obtained a certificate of withdrawal in accord with the provisions of the Business Corporation Act of Illinois, Ill.Rev.Stat. Ch. 32, Sec. 157.1 et seq., and had, therefore, been served properly by service on its registered agent. The District Court, however, granted the motion to quash and dismissed the action as to Douglas.

United filed an answer setting up four separate defenses. The second of these alleged that, by virtue of the provisions of Section 29 of the Illinois Workmen's Compensation Act, Ill.Rev.Stat. Ch. 48, Sec. 166, the cause of action asserted by plaintiff had been transferred to the decedent's employer, the Air Line Pilots Association, which had settled the claim filed against it before the Industrial Commission of Illinois, on behalf of plaintiff administratrix and her son, by agreeing to pay to the claimants the sum of $5,785.00. United's third defense was that, since Munch's death had occurred outside Illinois, in a state where a right of action for wrongful death exists and in which it (United) is amenable to service of process, Section 2 of the Illinois Wrongful Death Act, Ill.Rev.Stat. Ch. 70, Sec. 2, operates as a bar to the maintenance, in Illinois, of a wrongful death action based thereon, and that, for this reason, the District Court was without authority to entertain the cause of action.

Plaintiff, contending that Section 29 of the Illinois Workmen's Compensation Act is not applicable in the instant case and that the jurisdictional limitation in Section 2 of the Illinois Wrongful Death Act is not controlling in the case of a wrongful death action filed in a federal court in Illinois, moved to strike United's second and third defenses. This motion, in which the intervening plaintiff joined, was denied by the District Court, and, plaintiffs having elected to stand on their motion, judgment was entered dismissing the action as to United. From that judgment, and from the order quashing the service on Douglas and dismissing the action as to it, plaintiffs have prosecuted this appeal.

In the light of this court's recent decision in Trust Company of Chicago v. Pennsylvania Railroad Company, 7 Cir., 183 F.2d 640, plaintiffs' contention that the lower court erred in refusing to strike the defense based on the limitation in Section 2 of the Illinois Wrongful Death Act must be rejected, for, in that case, confronted with the very question raised on this appeal, we concluded that the provisions of Section 2 of the Illinois Act were binding on the federal courts in Illinois, sitting in diversity cases, and constituted a bar to maintenance of an action for damages for wrongful death in a case where, as here, a right of action for such death exists under the laws of the state where the death occurred and service of process in such action may be had in that state. Consequently, irrespective

of the propriety of the District Court's ruling on the validity of the second defense asserted by United—i. e., the applicability of Section 29 of the Illinois Workmen's Compensation Act, its dismissal of the action as to United was correct and must be affirmed.

With respect to the order quashing the service of summons on Douglas Aircraft, plaintiffs contend that, since Douglas had not withdrawn from Illinois in the manner prescribed by Section 120 of the Business Corporation Act and had never revoked the authority of its registered agent in accordance with the provisions of that section, Douglas was subject to process by service on its registered agent and that the lower court erred in deciding otherwise. Douglas, on the other hand, maintains that, though it had not complied with the Illinois statute, it had, in fact, withdrawn from Illinois and, consequently, could not be served there.

It is undisputed that Douglas, a Delaware corporation, in 1942, made application for and procured a certificate of authority to transact business in Illinois and that, in its application, it designated C. T. Corporation System its registered agent for service of process. And, while it is agreed that, subsequent to its withdrawal from Illinois in April, 1946, Douglas has transacted no business of any kind within that state, it is admitted that it has never complied with the provisions of Section 120 of the Illinois Business Corporation Act, governing withdrawal of foreign corporations, and that it has never procured a certificate of withdrawal. It appears, however, that on April 1, 1948, several months prior to the date of the service of the summons involved in the instant case, the Secretary of State of Illinois revoked Douglas Aircraft's certificate of authority to do business as a foreign corporation, predicating the revocation upon Douglas' failure to pay franchise taxes and its failure to transact any business within the state for a period of one year. The question, then, is whether Douglas Aircraft, although it was not doing business in Illinois and, in fact, had no authority to do so, was, in this action arising in Utah, subject to service of process in Illinois merely by reason of its failure to apply for and obtain a certificate of withdrawal and to revoke formally the authority of its registered agent, in compliance with the Illinois statute.

The Illinois Business Corporation Act contemplates two distinct procedures whereby a foreign corporation's authority to transact business within the state may be terminated: (1) procuring a certificate of withdrawal by the corporation, as outlined in Sections 120 and 121 of the Act ("Upon the issuance of such certificate of withdrawal, the authority of the corporation to transact business in this State shall cease") ; (2) the revocation of the corporation's certificate of authority by the Secretary of State, as provided in Sections 122 and 123 ("Upon the issuance of such certificate of revocation, the authority of the corporation to transact business in this State shall cease"). With respect to service of process on a corporation whose authority to transact business in Illinois has been terminated, Section 120 of the Act provides that a corporation applying for a certificate of withdrawal must revoke the authority of its registered agent to accept service on its behalf and consent that service of process in any action "arising in this State during the time the corporation was licensed to transact business in this State may thereafter be made on such corporation by service thereof on the Secretary of State", and Section 111 states that "whenever the certificate of authority of any foreign corporation shall be revoked, * * * the Secretary of State shall be irrevocably authorized as the agent and representative of such foreign corporation to accept service of any process, or service of any notice or demand required or permitted by law to be served upon such corporation." There have been no Illinois decisions indicating in just what instances service of process on a foreign corporation whose certificate of authority has been revoked is "permitted by law," but there is nothing in the statute to indicate that the legislature intended to retain a broader jurisdiction over such corporations than that over those whose authority to do business in Illinois has been terminated by the issuance of a certificate of withdrawal. And, as to the latter, the

Act provides that they shall remain subject to service in Illinois only with respect to causes of action arising in Illinois.

It seems clear then, that in the case of any foreign corporation whose authority to transact business in Illinois has been terminated, irrespective of whether the termination was effected by issuance of a certificate of withdrawal or by revocation of its certificate of authority, the corporation remains, under the Act, subject to service of process in Illinois in only such cases as had their origin in Illinois during the period in which the corporation was licensed to do business there. This case obviously does not fall within that category. Perhaps a foreign corporation whose certificate of authority has not been revoked might be said, by its failure to have procured a certificate of withdrawal, to have consented to remain subject to service of process in Illinois in all cases, but once its certificate of authority has been revoked, its failure to obtain a certificate of withdrawal no longer has any significance, for its authority to transact business within the state is terminated by such revocation. It no longer has any right to be present there, and to require it also to obtain a certificate of withdrawal would be to require it to do a useless act. Moreover, it is to be noted that to construe the statute as plaintiffs ask and to say that, though Douglas is no longer doing business in Illinois and has, in fact, no authority to do so, it is, until such time as it obtains a certificate of withdrawal in accordance with the provisions of Section 120 of the Act, subject to service of process in Illinois in any and all cases, wherever arising, would be to adopt a construction which, in the light of statements appearing in such cases as Craig v. Sullivan Machinery Co., 344 Ill. 334, 336, 176 N.E. 353, and Scene-in-Action Corp. v. Knights of Ku-Klux-Klan, 261 Ill.App. 153, 156, the courts of Illinois might regard as violative of the due process clause of the Constitution. Consequently, Douglas' failure to procure a certificate of withdrawal could not have had the effect of making it subject to service of process in Illinois in an action such as this. The District Court properly granted the motion to quash the service of summons in the instant case.

We should perhaps observe further that, irrespective of any question of service of process, inasmuch as the court dismissed the action as to Douglas, we must affirm its order for the reason that, as we have heretofore herein held, the cause of action asserted against both defendants, for wrongful death outside of Illinois, was such that it was not cognizable by the United States District Court.

In view of our conclusion that the District Court properly decided that it was without right to take cognizance of or entertain the cause of action, it is unnecessary to consider other points raised by plaintiffs.

The judgments are affirmed.