## FIRST NAT. BANK OF CHICAGO v. UNITED AIR LINES.

### No. 10337.

United States Court of Appeals
Seventh Circuit.

July 5, 1951.

Writ of Certiorari Denied April 9, 1951.
See 341 U.S. 903, 71 S.Ct. 612.

Robert J. Burdett, John Bishop and John M. Falasz, all of Chicago, Ill., for appellant.

David Jacker, Charles M. Rush and John M. O'Connor, Jr., all of Chicago, Ill., Kirk-

494

land, Fleming, Green, Martin & Ellis, Chicago, Ill., for appellee.

Before KERNER, FINNEGAN, and LINDLEY, Circuit Judges.

PER CURIAM.

This is an appeal from a summary judgment dismissing an action brought by plaintiff against defendant to recover damages for the death of plaintiff's testate, because of his wrongful death while a passenger aboard one of defendant's airliners which crashed on October 24, 1947, at Bryce Canyon, Utah. Jurisdiction is based on diversity of citizenship and amount in controversy. Plaintiff's testate prior to his death was a resident and citizen of Illinois. Defendant is a Delaware corporation whose principal office is located at Chicago, Illinois, but it is qualified to do business in the state of Utah and has registered agents available in that state for service of process upon it. The action was brought under the Utah wrongful death statute. Section 104–3–11, U.C.A.1943.

Defendant answered the complaint and moved for summary judgment on the ground that ch. 70, § 2 of the Ill.Rev.St. operated as a bar to the maintenance of the action in Illinois. That section provides: " * * * that no action shall be brought or prosecuted in this State to recover damages for a death occurring outside of this State where a right of action for such death exists under the laws of the place where such death occurred and service of process in such suit may be had upon the defendant in such place."

In answer to defendant's motion, plaintiff contended, inter alia, that the Illinois statute could not limit the jurisdiction of the federal courts, even though service of process could be had upon the defendant in Utah, and argued that to hold that it did would violate the full faith and credit clause of Art. IV, § 1 of the United States Constitution. The trial judge held the Illinois statute deprived the District Court of jurisdiction and that the full faith and credit clause of the Constitution had not been violated.

This court has already held that the provisions of the Illinois statute were binding on the federal courts in Illinois, and constituted a bar to the maintenance of an action for damages for wrongful death in an action where, as here, a right of action for such death exists under the laws of the state where the death occurred. Trust Co. of Chicago v. Pennsylvania R. Co., 7 Cir., 183 F.2d 640, and Munch v. United Air Lines, 7 Cir., 184 F.2d 630. But in those cases no contention was made that the Illinois statute violated Art. IV, § 1 of the United States Constitution.

In this court plaintiff renews its contention and cites Hughes v. Fetter, 341 U.S. 609, 71 S.Ct. 980, 982, which it says is conclusive on the question presented on this appeal. In that case appellant brought his action in a Wisconsin state court to recover for the death of his intestate in Illinois. He based his complaint on the Illinois wrongful death statute. The trial court held appellant's action was barred in Wisconsin because the Wisconsin statute created a right of action only for a death caused in that state. The Wisconsin Supreme Court affirmed, 257 Wis. 35, 42 N.W.2d 452. The United States Supreme Court, although reaffirming the principle that "full faith and credit does not automatically compel a forum state to subordinate its own statutory policy," recognized that there is a conflict of policies which requires that one be accepted and the other rejected, and held that Wisconsin's expressed statutory policy against permitting Wisconsin courts to entertain foreign wrongful death actions was in the face of and contrary to the national policy embodied in the full faith and credit clause of the Constitution. The fact that the absolute bar to the action in the Wisconsin courts might result in the total extinguishment of the cause of action because of the practical difficulties of service of process in Illinois apparently influenced the majority to tip the scales in favor of accepting the full faith and credit policy as against the right of Wisconsin to close its courts to causes of action for wrongful death arising out of the state.

In our case no such compelling reason appears. The Illinois statute, as we have already observed, differs substantially from the Wisconsin statute in that it does not, without exception, exclude all foreign

wrongful death actions but only those as to which "a right of action * * * exists under the laws of the place where such death occurred and service of process * * * may be had upon the defendant in such place." Thus, it seems clear that whereas the Wisconsin statute constituted an absolute and unconditional refusal on the part of that state to enforce in its courts the wrongful death statutes of sister states, the Illinois act recognizes the existence and enforcibility of the right of action created by such statutes and authorizes the courts of Illinois to entertain such actions, except in cases where they are capable of being prosecuted to judgment in the courts of the state which created them. Whether the Illinois statute and the policy reflected thereby—a policy which appears to be based on considerations not unlike those responsible for the application of the doctrine of *forum non conveniens* in the federal courts—offend against the Constitution's full faith and credit clause is the crucial question presented on this appeal. Its solution can not, it seems to us, be found in the disposition of a case in which the court observed that the statute held unconstitutional could not be regarded as "an application of the *forum non conveniens* doctrine" and went on to point out that the proscribed legislation might result in "a deprivation of all opportunity to enforce valid death claims created by another state,"—a result which can never obtain under the terms of the Illinois statute.

In the light of the Supreme Court's repeated declaration that "the full faith and credit clause is not an inexorable and unqualified command" and that, consistently with its proper application, "there are limits to the extent to which the laws and policy of one state may be subordinated to those of another," Pink v. A. A. A. Highway Express, 314 U.S. 201, 210–211, 62 S.Ct. 241, 246, 86 L.Ed. 152; Alaska Packers Ass'n v. Industrial Accident Comm., 294 U.S. 532, 546, 547, 55 S.Ct. 518, 79 L.Ed. 1044; Pacific Employers Ins. Co. v. Industrial Accident Commission, 306 U.S. 493, 501, 59 S.Ct. 629, 83 L.Ed. 940; Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 498, 61 S. Ct. 1020, 85 L.Ed. 1477; Williams v. North Carolina, 317 U.S. 287, 302, 63 S.Ct. 207, 87

L.Ed. 279, the constitutionality of the Illinois act would seem to us to be dependent on the reasonableness of the conditions it establishes for the maintenance, in the courts of Illinois, of an action arising under the wrongful death statute of a sister state, i. e., on whether the statute is "a permissible limitation on the full faith and credit clause," Williams v. North Carolina, 317 U.S. 287, 302, 63 S.Ct. 207, 215, 87 L.Ed. 279; Alaska Packers Ass'n v. Industrial Accident Comm., 294 U.S. 532, 546–547, 55 S.Ct. 518, 79 L.Ed. 1044, rather than on the fact that a statute which unconditionally excludes all actions based on foreign statutes has been held to violate that clause.

■ While it is true, as plaintiff argues, that the Illinois statute is not expressive of a policy against wrongful death suits in general, it is clearly an expression of a public policy against permitting Illinois courts to entertain any wrongful death suit which is capable of reduction to judgment in a forum of the state under whose laws it arose. We can not believe that this policy is violative of the constitutional requirement of full faith and credit. On the contrary, it recognizes the validity and enforcibility of the wrongful death statutes of sister states, and provides for their enforcement in the courts of Illinois in the event they can not be enforced in the courts of the state which enacted them. It is hardly to be doubted that the Illinois statute, in tending to regulate and reduce the case load of the Illinois courts, tends to promote the prompt and orderly administration of justice in those courts which is, undeniably, a matter of vital and legitimate concern to that state. Consequently, since *"Prima facie* every state is entitled to enforce in its own courts its own statutes" and "One who challenges that right, because of the force given to a conflicting statute of another state by the full faith and credit clause, assumes the burden of showing, upon some rational basis, that of the conflicting interests involved those of the foreign state are superior to those of the forum," Alaska Packers Ass'n v. Industrial Accident Comm., 294 U.S. 532, 547–548, 55 S.Ct. 518, 524, it becomes necessary to inquire whether Utah's interest in having its statute enforced in Illinois in a

case where it is capable of enforcement in Utah can be said to be superior to Illinois' interest in having its courts free to try cases arising in and under the laws of Illinois without the added burden of trying cases arising in and under the laws of a sister state and triable therein. It seems to us that it can not. Therefore, we hold that the Illinois statute involved in the instant case is permissible legislation under the full faith and credit clause and expressive of a public policy of Illinois not inconsistent with the proper application of that clause.

 Plaintiff's next contention is that the 1935 amendment to the Illinois statute under consideration, which added the proviso limiting the wrongful death jurisdiction of the Illinois courts, violates the single-subject requirement of Art. IV, § 13 of the Illinois Constitution, S.H.A. We think this contention is without merit.

In Michaels v. Hill, 328 Ill. 11, 15–16, 159 N.E. 278, 280, it was said: "All doubts or uncertainty arising from the language of the constitution or of the act must be resolved in favor of the validity of the act, and the court will assume to declare it void only in case of a clear conflict with the constitution. It is the duty of the court to so construe acts of the legislature as to uphold their constitutionality if such can reasonably be done. If their construction is doubtful the doubt is to be resolved in favor of the law. * * * To render an act or a portion thereof void as not embraced in the title it must be seen that it is incongruous with or has no proper connection with or relation to the title. If by any fair construction the provisions of such act have a necessary or proper connection with or relation to the title it is not open to this objection. * * * The word 'subject,' as used in the constitution, signifies 'the matter or thing forming the groundwork.' It may contain many parts which grow out of it and are germane to it, and which, if traced back, will lead the mind to it as the generic head. * * * It is not required that the title of an act be so worded as to form an index to all the provisions contained therein, and mere mentioning in the title of related particulars is not a stating of a plurality of subjects."

Our statute is entitled "An Act requiring compensation for causing death by wrongful act, neglect or default"; certainly the proviso setting forth the circumstances under which an action may be maintained relates to this subject matter.

Finally we pause to consider plaintiff's contention that the court erred in not sustaining its motion to transfer the case to the District Court in Utah pursuant to § 1406(a) of the Judicial Code, 28 U.S.C. § 1406(a). This section applies only when a case has been filed in the wrong venue. Orr v. United States, 2 Cir., 174 F.2d 577, 580. Compare Riley v. Union Pac. R. Co., 7 Cir., 177 F.2d 673, and Trust Co. of Chicago v. Pennsylvania R. Co., 7 Cir., 183 F. 2d 640, 646. Unfortunately here the District Court had no jurisdiction of the subject matter, hence it had no power to transfer the case to another court.

For the reasons stated, the judgment of the District Court must be affirmed. It is so ordered.