## FIRST NATIONAL BANK OF CHICAGO, EXECU-TOR, *v.* UNITED AIR LINES, INC.

No. 349. Argued January 8, 1952.—Decided March 3, 1952.

*Robert J. Burdett* argued the cause for petitioner. With him on the brief were *John H. Bishop* and *John M. Falasz.*

*David Jacker* argued the cause for respondent. With him on the brief were *Howard Ellis* and *John M. O'Connor, Jr.*

MR. JUSTICE BLACK delivered the opinion of the Court.

John Louis Nelson was killed when one of respondent's airliners crashed in Utah. Claiming $200,000 under the Utah wrongful death statute, petitioner brought this action in a United States district court in Illinois. De-cedent prior to his death was a resident and citizen of

Illinois; petitioner, his executor, is an Illinois bank; and respondent, United Air Lines, Inc., is a Delaware corporation doing business in Illinois. Since the jurisdictional amount and diversity of citizenship requirements have been met, the case is properly triable under 28 U. S. C. § 1332 unless ch. 70, § 2 of the Illinois Revised Statutes bars the action. This Illinois law provides:

> "no action shall be brought or prosecuted in this State to recover damages for a death occurring outside of this State where a right of action for such death exists under the laws of the place where such death occurred and service of process in such suit may be had upon the defendant in such place."

The District Court and Court of Appeals, relying on the doctrine declared in *Erie R. Co.* v. *Tompkins,* 304 U. S. 64, as discussed and applied in later cases,[1] held that in a diversity case such as this the state statute was binding on the federal as well as state courts in Illinois and constituted a bar to maintenance of this action.[2] In so doing, they rejected two constitutional contentions made by petitioner: (1) Congress having granted diversity jurisdiction to federal district courts pursuant to power granted by Article III of the Constitution, that jurisdiction cannot be abridged or destroyed by the Illinois statute; (2) the Illinois statute violates the Full Faith and Credit Clause of the United States Constitution (Art. IV, § 1) in providing that claims for Utah deaths shall not be enforced in Illinois state courts where service on defendants could be had in Utah. We need not discuss this first constitutional contention or the *Erie R. Co.* v. *Tompkins* problems presented by it, for we recently held in

---

[1] *E. g., Angel* v. *Bullington,* 330 U. S. 183; *Woods* v. *Interstate Realty Co.,* 337 U. S. 535.

[2] 190 F. 2d 493. The Court of Appeals cited and relied on two of its former holdings, *Trust Co. of Chicago* v. *Pennsylvania R. Co.,* 183 F. 2d 640, and *Munch* v. *United Air Lines,* 184 F. 2d 630.

*Hughes* v. *Fetter,* 341 U. S. 609, that a Wisconsin statute, much like that of Illinois, did violate the Full Faith and Credit Clause. It was to consider this full faith and credit question with reference to the Illinois statute that we granted certiorari. 342 U. S. 875.

The Wisconsin statute invalidated in *Hughes* v. *Fetter, supra,* barred suit in the Wisconsin courts for any wrongful death caused outside the state. The Illinois statute before us today is the exact duplicate of the Wisconsin statute with the single exception that suit is permitted in Illinois under another state's wrongful death statute if service of process cannot be had on the defendant in the state where the death was brought about. That Illinois is willing for its courts to try some out-of-state death actions is no reason for its refusal to grant full faith and credit as to others. The reasons supporting our invalidation of Wisconsin's statute apply with equal force to that of Illinois. This is true although Illinois agrees to try cases where service cannot be obtained in another state. While we said in *Hughes* v. *Fetter* that it was relevant that Wisconsin might be the only state in which service could be had on one of the defendants, we were careful to point out that this fact was not crucial. Nor is it crucial here that Illinois only excludes cases that can be tried in other states. We hold again that the Full Faith and Credit Clause forbids such exclusion. The District Court should not have dismissed this case.

*Reversed.*

MR. JUSTICE JACKSON, whom MR. JUSTICE MINTON joins, concurring in the result.

I part company with the Court as to the road we will travel to reach a destination where all agree we will stop, at least for the night. But sometimes the path that we are beating out by our travel is more important to the future wayfarer than the place in which we choose to lodge.

There are two possible routes to the agreed destination. One requires that a state statute prescribing jurisdictional limitations on its own courts be declared unconstitutional—a path which a century and a half of precedent constrains us to avoid if another way is available. This, together with adherence to the views expressed in dissent in *Hughes* v. *Fetter,* 341 U. S. 609, persuades me to resolve the issue of jurisdiction of federal courts by reference to the Act of Congress which confers that jurisdiction.

Whether or not Illinois may validly close her own courts to litigation of this kind, Illinois most assuredly cannot prescribe the subject matter jurisdiction of federal courts even when they sit in that State. Congress already has done this, 28 U. S. C. § 1332 (a) (1), and state law is powerless to enlarge, vary, or limit this requirement. The parties to this case have showed the diversity of citizenship and amount in controversy required by Congress, and therefore the federal court, by virtue of the law of its own being, has jurisdiction of their action.

The suggestion that *Erie R. Co.* v. *Tompkins,* 304 U. S. 64, and its progeny diminish the jurisdiction of a federal court sitting in a diversity case by assimilating any limitation that the state may impose on her own courts seems to confuse the law of jurisdiction with substantive law. In *Erie* and the cases which have followed, this Court has gone far in requiring that a federal court exercising diversity jurisdiction apply the same law as would be applied if the action were brought in the state courts. But in so doing the Court has been interpreting the Rules of Decision Act, 28 U. S. C. § 1652, which reads as follows:

> "The laws of the several states, except where the Constitution or treaties of the United States or Acts of Congress otherwise require or provide, shall be regarded as rules of decision in civil actions in the courts of the United States, in cases where they apply."

It is indeed fanciful to suggest that a state statute relating to the power of its own courts is an applicable "rule of decision" under this statute, when Congress in passing the federal jurisdictional grant has specifically "otherwise required and provided." 28 U. S. C. § 1332 (a) (1). The petitioner enters the federal court not by the grace of the laws of Illinois but by the grace of the laws of the United States.

The establishment of jurisdiction is, however, the beginning and not the end of the decision of the case in the trial court. What law must be applied in adjudicating the substantive rights of these parties? The opinion of the Court is silent on this point, but its line of reasoning seems to imply that the federal trial court must look to Illinois law for a conflicts rule which would govern this kind of case if brought in Illinois courts. Since Illinois has, pursuant to statute, refused to entertain such actions as this, it might be supposed that such law would be hard to find.

In my view, the federal court no more derives substantive law for this case from Illinois than it does its jurisdiction. For regardless of what Illinois might say on this subject, the Constitution has "otherwise provided." I believe, as expressed in *Hughes* v. *Fetter,* that the State was free to refuse this case a forum, but, if it undertook to adjudicate the rights of the parties, the Constitution would require it to apply the law of Utah, because all elements of the wrong alleged here occurred in Utah. For the essence of the Full Faith and Credit Clause is that certain transactions, wherever in the United States they may be litigated, shall have the same legal consequences as they would have in the place where they occurred. *Order of United Commercial Travelers* v. *Wolfe,* 331 U. S. 586; *Hancock Mutual Life Ins. Co.* v. *Yates,* 299 U. S. 178.

There is undoubtedly some area of freedom for state conflicts law outside the requirements of the Full Faith

and Credit Clause. In such matters, unreached by constitutional law, the state rule would prevail in a diversity court. *Klaxon Co.* v. *Stentor Co.,* 313 U. S. 487. But if a transaction is so associated with one jurisdiction that the Constitution compels any forum in which the transaction is litigated to apply the law of that jurisdiction, is it not the Constitution instead of state conflicts law which determines what law the federal court shall apply?

The Court's detour follows this itinerary: the federal court is bound by the law of Illinois; Illinois law is wrong; we will remake the law of Illinois to provide the exact opposite to that which the state has provided; then the federal court can apply the law we have remade and pretend it is applying Illinois law. This is too tortuous an excursion for me. Since as a matter of constitutional provision liability for this alleged tort must be adjudged under Utah law and, the case being within the statutory jurisdiction of the District Court, it may ascertain and apply the law of Utah without straining it through the Illinois sieve.

MR. JUSTICE REED, dissenting.

I dissent on the ground that *Hughes* v. *Fetter,* 341 U. S. 609, should not be extended to compel a state to entertain an action for wrongful death if the claim could be effectively litigated in the courts of the state where the cause of action arose.

The reasoning for this conclusion is stated in the dissent in *Hughes* v. *Fetter, supra.*

MR. JUSTICE FRANKFURTER, dissenting.

As to any question based on diversity jurisdiction, the series of cases culminating in *Woods* v. *Interstate Realty Co.,* 337 U. S. 535, disposes of it. As to the constitutional claim under the Full Faith and Credit Clause, I adhere to the views expressed in *Hughes* v. *Fetter,* 341 U. S. 609, 614.