**ZIRKELBACH**

v.

**DECATUR CARTAGE CO.**

**KELLER**

v.

**DECATUR CARTAGE CO.**

Civ. Nos. 718, 724.

United States District Court,
N. D. Indiana, Fort Wayne Division.

March 30, 1954.

Gilmore S. Haynie, A. J. Bruggeman, Fort Wayne, Ind., for plaintiff.

Leigh L. Hunt, Fort Wayne, Ind., Winslow VanHorne, Auburn, Ind., for defendant.

SWYGERT, District Judge.

This cause coming on to be heard on a regular pre-trial hearing, and all parties being present in person or by counsel and requesting a pre-trial ruling upon the facts as stated below, the following order was thereupon entered:

This is an action by Pauline E. Zirkelbach, Administratrix of the estate of Andrew E. Zirkelbach, to recover moneys for the alleged wrongful death of Andrew E. Zirkelbach. The decedent Zirkelbach was a resident of the State of Indiana and his administratrix was appointed by the Superior Court of Allen County, Indiana. The collision in which plaintiff's decedent was killed occurred near Williamstown, Ohio. Suit was filed in this court by plaintiff on grounds of

diversity of citizenship as the Decatur Cartage Company, defendant herein, is an Illinois corporation. The sole issue to be considered in this ruling is whether the $15,000 limitation contained in the Indiana unlawful death statute, Section 2–404, Ind.Burns' Ann.St., 1951 Repl., is applicable to a death caused by events that transpired in Ohio where the legislature has not prescribed a limit upon the amount that is recoverable in this type of action. Article I, Section 19a of the Constitution of the State of Ohio.

■■■ The undoubted general rule is that where an action is brought in a state other than that in which the cause of action arose, matters of substantive law are controlled by the law of the place the accident occurred, procedural matters are governed by the law of the forum, and the law of the state in which the action is brought determines what is a matter of procedure and what is a matter of substance. 25 C.J.S., Death, § 28, at p. 1097 and cases there cited.

The defendant concedes that the measure of damages is a substantive matter to be governed by the law of the place of the wrong, but seeks to escape the applicability of that general proposition with the argument that a statutory limit by the law of the forum, on the amount that can be recovered in a court of that state, for death, is a procedural remedial matter governing all unlawful death actions brought in that state, irrespective of the place where the wrong was committed. Apparently there are no Indiana decisions which have considered this exact contention, though general pronouncements tend to the view that if a suit is brought in Indiana on account of a death in another state a statute of such state showing a right of action must be [the one that is] pleaded. Wabash R. Co. v. Hassett, 1908, 170 Ind. 370, 83 N.E. 705. And see Hellrung v. Lafayette Loan & Trust Co., D.C.N.D.Ind.1951, 102 F. Supp. 822, where the court held that the restriction on recovery in the Indiana survival statute, Section 2–403, Burns' Ind.Stat.Ann., 1951 Repl., did not apply to recoveries for personal injuries aris-

ing because of an accident which occurred in Illinois.

Turning to the law of other jurisdictions, the vast weight of authority is to the effect that the amount that can be recovered in a death action is governed by the law of the place of the wrong and not by the law of the forum. See C.J.S., Death, § 28, at p. 1101 and cases there cited. In Northern Pacific Railroad v. Babcock, 1894, 154 U.S. 190, 14 S.Ct. 978, 38 L.Ed. 958, the Supreme Court came to the conclusion that the right to recover and the limit of the amount of the judgment are governed by the *lex loci* and not by the law of the *lex fori*. Similarly, see the opinion of Holmes, J. in Slater v. Mexican National R. R. Co., 1904, 194 U.S. 120, 24 S.Ct. 581, 48 L.Ed. 900.

Much of the difficulty concerning this question was engendered by the statement made in Wooden v. Western N. Y & P. R. R. Co., 126 N.Y. 10, 26 N.E. 1050, 13 L.R.A. 458, that the limitation upon the amount recoverable in the New York unlawful death statute pertained to a remedial rather than a substantive right. Subsequently the New York legislature deleted the statutory limitation and it is to be noted that the New York Courts have stubbornly refused to extend the application of the Wooden case, Loucks v. Standard Oil Co., 1918, 224 N.Y. 99, 120 N.E. 198, and it has been suggested that the effect of these subsequent decisions has been to destroy the dicta in the Wooden case that the statutory limit pertains to the remedial rather than to the substantive right. See Lauria v. E. I. DuPont De Nemours & Co., D.C.N.Y., 1917, 241 F. 687.

Recent authority from the United States Supreme Court not only suggests that this court sitting in Indiana should apply the Ohio statute in this type of an action, but that it may be violative of the Federal Full Faith and Credit Clause if it refuses to do so. First National Bank of Chicago v. United Air Lines, 1952, 342 U.S. 396, 72 S.Ct. 421, 96 L.Ed. 441. There the court invalidated a partial limitation upon the right to try a

wrongful death action arising outside of the forum state. In a concurring opinion Justice Jackson stated:

"If it [the forum state] undertook to adjudicate the rights of the parties, the Constitution would require it to apply the law of Utah, because all elements of the wrong alleged here occurred in Utah. For the essence of the Full Faith and Credit Clause is that certain transactions, wherever in the United States they may be litigated, shall have the same legal consequences as they would have in the place where they occurred." Ibid. 342 U.S. at page 400, 72 S.Ct. at page 423.

Accordingly, it is ordered that the Indiana limitation upon the amount that may be recoverable in an unlawful death action is inapplicable in this case.