Clara R. HARTNESS, Administratrix of the Estate of Walter William Hartness, Deceased, Plaintiff-Appellant,

v.

ALDENS, INC., and Starbrand Corporation, Defendants-Appellees.

No. 13462.

United States Court of Appeals Seventh Circuit.

April 6, 1962.

Rehearing Denied May 1, 1962.

Burton H. Young, Chicago, Ill., Lawrence P. Hickey, Young & Hickey, Chicago, Ill., for appellant.

Norton Wasserman, Chicago, Ill., Wyatt Jacobs, Chicago, Ill., for appellees.

Before HASTINGS, Chief Judge, and KNOCH and KILEY, Circuit Judges.

KILEY, Circuit Judge.

This is a diversity suit to recover damages for personal injuries suffered by plaintiff's decedent between the date of his injury and his death. The District Court, on defendants' motion, dismissed the suit and plaintiff has appealed.

Decedent, a resident of South Carolina, was injured there September 1, 1958 while operating a power lawn mower made by Starbrand Corporation of Indiana and sold and delivered to decedent by Aldens, Inc., an Illinois mail order corporation. A part of the mower broke off and a piece of metal pierced decedent's body. As a result of the injury he died October 7, 1958.

The District Court decided that plaintiff's cause of action based on the South Carolina survival statute [1] was not enforceable in Illinois. It applied the Illinois conflict of laws rule in anticipation of Illinois court action in a like situation, since there was no Illinois case precisely in point to which it could refer

1. Code of Laws of South Carolina, § 10–209 (1952).

for controlling precedent. This was its function in this diversity case as "another court" Allstate Ins. Co. v. Charneski, 7 Cir., 286 F.2d 238, 244 (1960), of Illinois.

We are to decide whether the Illinois conflict of laws rule as interpreted by the District Court offends the Full Faith and Credit clause of the United States Constitution.

Plaintiff relies upon the conflict of laws rule stated by the Illinois Supreme Court in Chicago & E. I. R. R. Co. v. Rouse, 178 Ill. 132, 52 N.E. 951, 44 L.R.A. 410 (1899). There the court applied the rule in favor of the cause of action arising under an Indiana statute on the ground that the statute was not so repugnant to good morals or natural justice or prejudicial to the general interests of Illinois residents as to require Illinois to refuse its enforcement. Later cases have made the rule as stated in Rouse more specific. In Dougherty v. American McKenna Process Co., 255 Ill. 369, 371, 372, 99 N.E. 619, 621, L.R.A. 1915F, 955 (1912), the Supreme Court in refusing enforcement of a death action under a New Jersey statute—on the ground that it was opposed to the then Section 2 of the Illinois injuries act—receded somewhat from the Rouse statement of the conflicts rule although citing Rouse as authority for its statement that "in this country courts will generally enforce the law of the place where the injury occurred, unless to do so is contrary to the law, morals, or policy of the forum." Then in Wall v. Chesapeake & Ohio Ry. Co., 290 Ill. 227, 230, 125 N.E. 20, 22 (1919), the court said that if the elements of good morals, natural justice, or the general interests of Illinois residents are not violated, the foreign statute must be enforced "unless such enforcement is prohibited by law." And more recently in Whitney v. Madden, 400 Ill. 185, 189, 79 N.E.2d 593, 595, cert. denied, 335 U.S. 828, 69 S.Ct. 55, 93 L.Ed. 382 (1948), "If the relief sought is against the law" of the forum state, "the relief will be denied."

■ There is no doubt that the South Carolina survival statute is not against good morals or natural justice and no Illinois court would hold that it is, should a situation similar to the one at bar arise. Furthermore, Illinois policy is to keep its courts open to residents and non-residents alike. James v. Grand Trunk Western R. R. Co., 14 Ill.2d 356, 152 N.E. 2d 858, 74 A.L.R.2d 814 (1958).

■ Admittedly there is no statute in Illinois which prohibits plaintiff's cause of action. We think, however, it must be stated that Illinois law is against South Carolina's survival statute in so far as it creates the cause of action presented by plaintiff, and despite the lack of an Illinois statute we see a virtual prohibition in the conflicts rule of the Illinois cases.

In Holton v. Daly, 106 Ill. 131 (1882) the court decided that the Illinois wrongful death statute of 1853 provided the only cause of action for injuries resulting in death and that the Illinois survival statute of 1872 provided a cause of action for injuries where death results from another cause. In 1941, the Illinois Supreme Court in Susemiehl v. Red River Lumber Co., 376 Ill. 138, 140, 33 N.E.2d 211, 212, decided against an administrator's maintaining two actions, one for pecuniary loss to next of kin under the wrongful death statute, and another for damages for injuries suffered by the decedent, based on the same tort, before death. The court stated that since Holton "this court has been committed to the doctrine that if death results from the injuries sued for, the suit of the injured person abates * * *." The Holton case, the court said, had been the rule for sixty years, "followed in this court at least ten times, many more times than that in the Appellate Courts * *. If that rule is to be changed * * * it must be accomplished" by the legislature.

We think there is a basic opposition between the South Carolina survival statute and the Illinois policy as expressed by the Illinois courts. Furthermore, we

think that the opposition may be said to be "antagonistic." The emphasis by the court in Susemiehl implies this; and the legislature has not since Holton in 1882 changed the rule although it has amended the wrongful death[2] and survival[3] statutes on several occasions. It is our opinion that the rule in Illinois against actions of the kind plaintiff presents must be considered a "deep-rooted tradition of the commonweal." Loucks v. Standard Oil Co., 224 N.Y. 99, 120 N.E. 198, 202 (1918).

The Rouse case, aside from the rule it stated, is distinguishable on its facts. There, both Illinois and Indiana recognized the basic doctrine of *respondeat superior*. Here, the doctrines of survival of actions in event of death from the injury are opposed.

In Hughes v. Fetter, 341 U.S. 609, 71 S.Ct. 980, 95 L.Ed. 1212 (1951), and First National Bank v. United Airlines, 342 U.S. 396, 72 S.Ct. 421, 96 L.Ed. 441 (1952), the Supreme Court struck down Wisconsin and Illinois statutes, respectively, as offending the Full Faith and Credit clause by their exclusionary or discriminatory provisions against non-residents. We have not here an exclusionary or discriminatory rule. The Hughes and First National cases are distinguishable here for the same reason that the Supreme Court distinguished them in Wells v. Simonds Abrasive Co., 345 U.S. 514, 518, 73 S.Ct. 856, 97 L.Ed. 1211 (1953), i. e., the forums "laid an uneven hand on causes of action arising within and without" the forum states. Illinois is not excluding non-residents from remedies given to its own citizens. Plaintiff is seeking to gain from Illinois litigation something withheld from Illi-

nois citizens. Allstate Ins. Co. v. Charneski, 7 Cir., 286 F.2d 238 (1960).

[4] Plaintiff contends that failure to enforce the survival action in Illinois would nullify a valid cause of action under South Carolina law, Code of Laws of South Carolina, § 10–209 (1952), since neither of defendants is amenable to service of process in that state, citing Springs Cotton Mills v. Machinecraft, Inc., 156 F.Supp. 372, 378 (W.D.S.C. 1957) and Zeigler v. Puritan Mills, 188 S.C. 367, 199 S.E. 420 (1938). However, in light of plaintiff's companion wrongful death action, No. 60 C 1191, also arising under South Carolina law, Code of Laws of South Carolina § 10–1951 (1952), and pending in the District Court here, it cannot be said that Illinois deprives plaintiff "of all opportunity to enforce valid death claims created by" South Carolina. Hughes v. Fetter, 341 U.S. 609, 613, 71 S.Ct. 980, 983, 95 L.Ed. 1212 (1951).

We need not decide whether the South Carolina statute is procedural rather than substantive.[4] "The history of the Erie doctrine has been a continual retreat from conclusionary labels or mechanical solutions and an increasing emphasis has been placed on the consideration and accommodation of the basic state and federal policy goals involved. By this standard we must determine this case." Allstate Ins. Co. v. Charneski, 7 Cir., 286 F.2d 238, 243 (1960).

For the reasons given, we conclude that the Illinois conflict of laws rule as interpreted by the District Court does not offend the Full Faith and Credit clause of the United States Constitution, and the judgment is affirmed.

2. Ill.Rev.Stat. ch. 70, §§ 1, 2 (1961).

3. Ill.Rev.Stat. ch. 3, § 339 (1961)

4 We refer, however, to Grant v. McAuliffe, 41 Cal.2d 859, 264 P.2d 944, 42 A.L.R.2d 1162 (1953), in which the Supreme Court of California decided survival was not part of a foreign tort, and applied the California survival statute in favor of California residents injured in Arizona.