Ernest **GAILLARD, Jr.,** and **Mignonne Nash Gaillard,** Appellants,

v.

Freddie Morgan **FIELD,** Administratrix of the Estate of Fred Morgan, Deceased, Appellee.

No. 8705.

United States Court of Appeals Tenth Circuit.

July 21, 1967.

Rehearing Denied Sept. 18, 1967.

Coleman H. Hayes and Francis S. Irvine, Oklahoma City, Okl. (Kerr, Davis, Irvine, Burbage & Hentz, Oklahoma City, Okl., of counsel, on the brief), for appellants.

George L. Verity, Oklahoma City, Okl. (Brown, Verity & Brown, Oklahoma City, Okl., with him on the brief), for appellee.

Before JONES[*], SETH, and HICKEY, Circuit Judges.

SETH, Circuit Judge.

The plaintiff-appellants, residents of California, brought this action in the United States District Court for the Western District of Oklahoma, seeking to rescind certain agreements and to recover approximately $180,000 from the defendant-appellee as administratrix of the estate of her deceased husband, Fred Morgan. The administratrix is a resident of Oklahoma, as was her husband before his death. The appellee counterclaimed for expenses which appellants had declined to pay, and obtained judgment therefor.

The trial court found for the appellee, and appellants took this appeal.

The record shows that the appellants and the decedent entered into a number of contracts wherein the decedent assigned to appellants fractional interests in certain oil and gas leases in Oklahoma, Texas, Nebraska, and Colorado, and wherein the appellants agreed to contribute their pro rata share of expenses for drilling wells on the leaseholds. The decedent supervised the drilling, but all the wildcat wells drilled were either dry or fell short of commercial production. Appellants filed suit in the District Court in Oklahoma to rescind the letter agreements and assignments and recover all moneys paid.

█ As one ground for rescission the appellants alleged that they were fraudulently induced by the decedent to enter into the agreements. However there is substantial evidence in the record to support the trial court's determination that the decedent practiced no fraud on the appellants.

The appellants next assert that the agreements and assignments are voidable at their option because, under California law, the contracts are securities and the law of California permits the buyer of such securities to void the sale if the seller has not registered the security with the state and has not received approval to sell. Decedent did not register the agreements and assignments in California.

█ The trial court refused to apply the law of California, and concluded, inter alia, that such state regulation of oil and gas transactions like those in the case at bar is contrary to the public policy of Oklahoma. The trial court made no express finding or conclusion that the agreements were securities under California law, but assuming that they are, it is clear that Oklahoma does not consider oil and gas interests as securities and expressly excludes such interests from its securities act. Compare Cal. Corp.Code § 25008 [1] with Okla.Stat.Ann. tit. 71, § 2(l) (1965) [2]. The former chairman of the Oklahoma Securities Commission testified that regulation of oil and gas transactions as securities was contrary to the public policy of Oklahoma.

█ The policy of Oklahoma is not passive, neutral, or unarticulated. The contrariety with California law is expressed in clear statutory language. Appellants argue that the difference between the California and the Oklahoma statutes is an unimportant detail because the basic policy of each state is the regulation of securities. Regulation of securities is undoubtedly the basic policy of the Oklahoma Securities Act, but oil

[*] Senior Judge of the Fifth Circuit, by Designation.

[1]. Cal.Corp.Code § 25008: " 'Security' includes all of the following: (a) Any stock, including treasury stock; any certificate of interest or participation; any certificate of interest in a profit-sharing agreement; any certificate of interterest in an oil, gas, or mining title or lease; any transferable share, invest-ment contract, or beneficial interest in title to property, profits, or earnings. * * * "

[2]. Okla.Stat.Ann. tit. 71, § 2(l) (1965): " * * * 'Security' does not include * * * any oil, gas, or mining title or lease or any certificate of interest or participation, or conveyance in any form, of an interest therein, or in payments out of production under such a title or lease."

and gas transactions are not securities in Oklahoma. Each state views the letter agreements and assignments in a different context. In California they are securities subject to comprehensive regulatory and remedial legislation unknown to the common law. In Oklahoma the agreements and assignments are regular contracts subject to the general rules of the common law. This difference in treatment or characterization is important.

Appellants argue that the trial court's refusal to apply the law of California offends the full faith and credit clause of the Constitution. In a variety of legal and factual contexts the United States Supreme Court has declared that the command of the full faith and credit clause is not absolute, for the clause does not compel the forum state to subordinate its public policy to the conflicting policy of a sister state. See Carroll v. Lanza, 349 U.S. 408, 75 S.Ct. 804, 99 L.Ed. 1183; Watson v. Employers Liability Assur. Corp., 348 U.S. 66, 75 S.Ct. 166, 99 L.Ed. 74; Hughes v. Fetter, 341 U.S. 609, 71 S.Ct. 980, 95 L.Ed. 1212; Griffin v. McCoach, 313 U.S. 498, 61 S.Ct. 1023, 85 L.Ed. 1481; Pacific Employers Ins. Co. v. Industrial Accident Comm., 306 U.S. 493, 59 S.Ct. 629, 83 L.Ed. 940. These cases considered together establish that the legitimate interests of the forum state may outweigh the unifying principle embodied in the full faith and credit clause. The Supreme Court in Watson v. Employers Liability Assur. Corp., supra, said:

"That clause does not automatically compel a state to subordinate its own contract laws to the laws of another state in which a contract happens to have been formally executed. Where, as here, a contract affects the people of several states, each may have interests that leave it free to enforce its own contract policies."

We think the interests and policies of California and Oklahoma are antagonistic. California classifies oil and gas interests as securities and gives the buyer of such a security an option to void the sale if the seller has not registered with the state and received approval to sell, an option unknown to the common law. Oklahoma does not classify oil and gas transactions as securities and recognizes no buyer's option to void the sale for the seller's failure to register with the state and receive approval to sell. Registration and approval are alien to the public policy of Oklahoma. Relying on California law, the appellants seek, from a federal court sitting in Oklahoma, a remedy that Oklahoma withholds from its own residents. See Hartness v. Aldens, Inc., 301 F.2d 228 (7th Cir.).

Oklahoma has important contacts with this litigation. Regardless of the classification of the agreements and assignments under California law, the agreements provided that the decedent would drill oil wells on leaseholds in Oklahoma and states other than California. The decedent was a resident of Oklahoma, and Oklahoma has an interest that legitimate contracts made by its residents with residents of other states are not rendered void in Oklahoma courts by enforcing the law of a sister state, whose statutes regard oil and gas transactions in an entirely different context than the law of Oklahoma.

The trial court applied the Oklahoma conflict of laws doctrine, and this is not questioned on appeal. There seems to be no case decided by the Oklahoma Supreme Court that is quite like the case at bar. In Holder v. Holder, 384 P.2d 663 (Okl.1963), the Oklahoma court recognized that Oklahoma courts would not apply the law of a sister state if it were contrary to the public policy of Oklahoma. The court in Holder quoted Judge Cardozo's familiar statement in Loucks v. Standard Oil Co., 224 N.Y. 99, 120 N.E. 198 (1918), that to fail of enforcement in the forum state, the law of the sister state must "violate some fundamental principle of justice, some prevalent conception of good morals, some deep-rooted tradition of the common weal." It does not appear that the California law allowing a buyer of an oil and gas security to void the sale for the sell-

er's failure to register and receive sale approval from the state violates a fundamental principle of justice or prevalent conception of good morals. In view of the difference accorded by California and Oklahoma to oil and gas transactions like those in the case at bar, it does appear that application of California law to void the letter agreements and assignments would violate a deep-rooted tradition of the common weal in Oklahoma. See also Hartness v. Aldens, Inc., 301 F.2d 228 (7th Cir.).

Affirmed.